

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

C-1-98- 440

| | | |
|---|---|---|
| KEVIN G. JACKSON, INDIVIDUALLY AND IN HIS REPRESENTATIVE CAPACITY AS ADMINISTRATOR OF THE ESTATE OF PAULA KAY JACKSON, DECEASED, AND AS PERSONAL REPRESENTATIVE OF HER NEXT OF KIN AND BENEFICIARIES 506 Arch Avenue Lawrenceburg, Indiana 47025 | * * * * | Case Number: Judge: WEBER, J. M.J. SHERMAN |

PLAINTIFFS

Vs.

**SOY SOK**
514 Hawthorne Street
Cincinnati, Ohio 45208

and

**Allstate Insurance Company**
C/O Edward Michael Liddy
Suite H1A
3075 Sanders Road
Northbrook, Illinois 60062-7127

DEFENDANTS

**COMPLAINT FOR WRONGFUL DEATH AND DECLARATORY JUDGMENT**

**[DEMAND FOR JURY TRIAL]**

Now comes Plaintiff, by and through counsel, and hereby states as his Complaint the following:

1. Plaintiff, Kevin G. Jackson is a resident and citizen of the State of Indiana.

2. Defendant, Soy Sok, is a resident or citizen of the State of Ohio.

3. Defendant, Allstate Insurance Company, is a Delaware corporation with its principal place of business in Illinois.

4. Plaintiff has incurred damages in excess of Seventy-Five Thousand Dollars

($75,000.00) exclusive of interest and costs and this court has jurisdiction pursuant to 28 U.S.C. 1332.

5. Plaintiff, Kevin G. Jackson, is the duly appointed Administrator of the Estate of Paula K. Jackson, deceased, in the Dearborn County Circuit Court, Cause Number 15C01-9806-ES-042

6. Decedent, Paula K. Jackson, died on September 6, 1997.

7. Decedent is survived by her next of kin, including, but not limited to her husband Kevin Jackson and her sons Brain Jackson, Eric Jackson and Brandon Jackson.

8. On September 6, 1997, Defendant, Soy Sok was operating his motor vehicle on Manns Avenue in Cincinnati, Hamilton County, Ohio.

9. At such time and place Defendant, Soy Sok negligently operated his vehicle and struck the Decedent.

10. As a direct and proximate result of Defendant Soy Sok's negligence Decedent endured pain and suffering and emotional distress.

11. As a direct and proximate result of Defendant Soy Sok's negligence Decedent suffered massive acute body trauma to her head, chest, abdomen and extremities which was a direct and proximate cause of her death on September 6, 1997.

12. As a direct and proximate result of Defendant Soy Sok's negligence Plaintiff and Decedent's next of kin suffered and continue to suffer severe emotional distress.

13. As a direct and proximate result of Defendant Soy Sok's negligence Plaintiff and Decedent's next of kin suffered damages pursuant to O.R.C. 2125.02, including, but not limited to: loss of support; loss of services of Decedent; loss of society of the Decedent, including loss of

companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance; and mental anguish.

14. As a direct and proximate result of Defendant Soy Sok's negligence Plaintiff incurred medical expenses; health care expenses; funeral and burial expenses.

15. Defendant's conduct in operating his vehicle at the time and place described herein was negligent or reckless or wanton and with complete disregard for the safety of Decedent and others similarly situated as members of the general public.

16. At all times relevant to the allegations herein Plaintiffs had in full force and effect a policy of insurance with Defendant, Allstate Insurance Companies, policy number 61216221, providing for Uninsured/Underinsured motorist coverage.

17. Pursuant to Ohio Revised Code Title 27 Plaintiffs request this court, under the facts and circumstances of this case, to determine and declare the rights, responsibilities and payments due to the parties herein given the Uninsured/Underinsurance situation regarding damages herein.

18. At all times Plaintiffs made a good faith effort to resolve the matters that are the subject of this complaint.

19. Defendant, Allstate acted in bad faith in the processing of the Uninsured/Underinsured claims of the Plaintiffs and its refusal to pay these claims was not predicated upon circumstances that furnish reasonable justification therefor.

20. As a result of Defendant Allstate's unreasonable conduct herein and their acts and/or omissions in the handling of their insureds' claims the Plaintiffs are entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), for compensatory and punitive damages exclusive of interest and costs plus all costs, litigation expenses, interest and attorney fees and whatever other relief the court deems appropriate under the circumstances.

Respectfully submitted,

_____  _____
John H. Metz, Esq., #0019039     Benjamin M. Maraan II, Esq., #0053661
Trial Attorney for Plaintiffs    Of Counsel for Plaintiffs
44Th Floor Carew Tower 44Th Floor Carew Tower
441 Vine Street                  441 Vine Street
Cincinnati, Ohio 45202-3016      Cincinnati, Ohio 45202-3016
Phone: (513) 241-8844            Phone: (513) 241-8844
 Fax: (513) 241-6090              Fax: (513) 241-6090

## JURY DEMAND

Plaintiff hereby demands that the within matter be heard by the maximum number of jurors as permitted by law.

_____  _____
John H. Metz, Esq.               Benjamin M. Maraan II, Esq.