# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION



KEVIN JACKSON, et al.,

       Plaintiffs,

v.                                                              C-1-98-440

SOY SOK, et al.,

       Defendants.

## ORDER

This matter is before the Court upon Plaintiff's motions for entry of default as to Defendant Soy Sok (Doc. 19), for default judgment against Defendant Sok (Doc. 20), and for order deeming requests for admissions admitted. (Doc. 21).

Plaintiff is the administrator of the estate of Paula Kay Jackson, his deceased wife, who was struck and killed by an automobile operated by Defendant Sok. (*See* Doc. 1). The record indicates that copies of the complaint were served upon Defendant Sok by certified mail on June 20, 1998, and again on June 1, 1999. (*See* Doc. 19, p. 3 & Exs. 1, 2). Despite such service, Defendant Sok has failed to plead or otherwise appear in this matter.

In addition, the record indicates that Defendant Sok was served with Plaintiff's requests for admissions on June 1, 1999 (*see* Doc. 21, p. 2 & Ex. 1), but that said Defendant also has failed to respond to those requests. Included therein were requests that Defendant Sok admit that the damages suffered by the decedent, her husband, and each of her three minor children

exceeded $100,000. (*See* Doc. 21, Ex. 1, ¶¶ 21-25).

The Federal Rules of Civil Procedure require a defendant to answer or otherwise defend within 20 days after being served with the summons and complaint. Fed. R. Civ. P. 12. An entry of default is authorized as to any defendant who fails to defend as provided by the rules. Fed. R. Civ. P. 55(a). The Court thereafter may enter judgment against the defaulting party, and may conduct such proceedings "as it deems necessary and proper" in order to determine the amount of damages. Fed. R. Civ. P. 55(b)(2).

The record amply demonstrates that despite proper service, Defendant Sok has failed to defend in accordance with Fed. R. Civ. P. 12. Plaintiff therefore is entitled to an entry of default. Moreover, in accordance with the applicable discovery rules, Defendant Sok's failure to respond to Plaintiff's requests of admissions is deemed an admission of each matter therein addressed. Fed. R. Civ. P. 36(a). Given said Defendant's constructive admissions by virtue of his failure to respond, the record contains sufficient evidence to allow the Court to determine that Plaintiff's damages as against Defendant Sok exceed the amount of $100,000.

IT THEREFORE IS ORDERED that Plaintiff's motions for entry of default (Doc. 19), for default judgment (Doc. 20), and for order deeming requests for admissions admitted (Doc. 21) hereby are GRANTED as to Defendant Sok. Accordingly, default judgment hereby is GRANTED against Defendant Soy Sok in the amount of $100,000, plus interest and costs. Pursuant to prior order of this Court (*see* Doc. 17), Defendant Allstate Insurance Company is liable to Plaintiff for up to $50,000 of that amount, plus interest and costs.

As this is a final order regarding this matter, the Clerk of Courts hereby is DIRECTED to enter final judgment in accordance herewith.

**IT IS SO ORDERED.**

_____
HERMAN J. WEBER
UNITED STATES DISTRICT JUDGE