**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

FILED
KENNETH J. MURPHY

01 JUL 17 PM 1:17

U.     COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

KEVIN JACKSON, et al.,

        Plaintiffs,

v.                                C-1-98-440

SOY SOK, et al.,

        Defendants.



## ORDER

This matter is before the Court upon plaintiffs' Amended 60(b) Motion (doc. 43), intervenor-defendant Ohio Casualty Group's opposing memorandum (doc. 45), plaintiffs' reply (doc. 46), and the parties' supplemental filings (docs. 49, 50, 54).

Plaintiffs are the spouse and children of decedent Paula Jackson. Decedent died from injuries sustained when she was struck by a car driven by defendant Soy Sok, an uninsured motorist. Plaintiffs filed suit against Sok and Allstate Insurance Company, plaintiff Kevin Jackson's uninsured motorist carrier. Service was perfected on all defendants. Sok, who was incarcerated, did not respond or file an answer to the complaint.

On March 31, 1999, the Court issued a Declaratory Judgment declaring that defendant Allstate's obligation to plaintiffs under the terms of the policy with Allstate was $50,000. The case remained pending on plaintiffs' claims against defendant Sok. On June 15, 1999, plaintiffs moved the Court for an entry of default judgment against defendant Sok pursuant to Fed. R. Civ. P. 55(a). The Court granted the motion by Order dated October 18, 1999. The Court found that

1

plaintiffs' damages against defendant Sok exceeded the amount of $100,000 and entered default judgment in the amount of $100,000, plus interest and costs. Default judgment against Sok was entered that same date.

On October 5, 2000, plaintiffs filed a Rule 60(b) motion for relief from the default judgment (doc. 34). Plaintiffs asked for relief from the judgment to enable them to pursue a claim for insurance proceeds under a policy which plaintiff Kevin Jackson's employer, Hater Industries (Hater), had with Ohio Casualty Group (OCG). OCG filed a motion to intervene on October 17, 2000 (doc. 35). The Court granted the motion. Plaintiffs subsequently filed an amended Rule 60(b) motion on January 29, 2001. The Court held an oral hearing on the motion on May 22, 2001. The parties have submitted supplemental filings addressing issues raised at the hearing.

Plaintiffs seek relief from the default judgment based on alleged changes in Ohio law of which plaintiffs' counsel first became aware in January, 2000. Plaintiffs rely on two 1999 Ohio Supreme Court decisions, *Scott-Pontzer v. Liberty Mutual Fire Insurance Company,* 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999), decided on June 23, 1999, and *Ezawa v. Yasuda Fire & Marine Insurance Company of America,* 86 Ohio St.3d 557, 715 N.E.2d 1142 (1999), decided on September 22, 1999. In the *Scott-Pontzer* case, the Ohio Supreme Court held that when an employer's insurance policy for underinsured/uninsured motorist coverage names the corporate entity as the insured and defines insured to include "you", the policy should be interpreted to extend insured status to employees of the corporation. In *Ezawa,* the Court reversed an appellate court decision on the authority of *Scott-Ponzer* and found that the son of a corporation's employee was covered by the corporation's underinsured/uninsured motorist policy for injuries sustained in a motor vehicle accident. Plaintiffs allege that under the law as set forth in these cases, they are entitled to coverage under the underinsured/uninsured motorist policy which

2

decisions before they moved to obtain a default judgment against Sok or while the motion was pending. OCG alleges that plaintiffs' failure to take action based on the alleged change in the law before default judgment was entered constitutes inexcusable neglect, which is not a valid justification for setting aside a default judgment. OCG also contends that it would be prejudiced by a decision to overturn the default judgment because it did not become aware of this lawsuit until after default judgment had been entered and the amount of damages had been determined.

OCG also submits that it did not act improperly in responding to counsel's request for information regarding insurance coverage provided to Hater Industries. OCG has submitted an affidavit of Mr. Bickers in which he states that at the time he wrote the letter to plaintiffs' counsel, it was his understanding that Hater had a commercial general liability policy which provided coverage to employees only if they were engaged in work-related activities.

## Standard of Review

Fed. R. Civ. P. 55 provides that,

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Rule 60(b) lists six bases for setting aside a final judgment: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

The decision to grant or deny a Rule 60(b) motion is discretionary. *Amernational*

4

*Industries, Inc. v. Action-Tungsram, Inc.,* 925 F.2d 970, 976 (6th Cir. 1991). In determining whether to set aside entry of a judgment of default under Rule 60(b), the Court must apply Rule 60(b) "equitably and liberally . . . to achieve substantial justice." *Id. (citing United Coin Meter v. Seaboard Coastline RR,* 705 F.2d 839, 845 (6th Cir. 1983)). The Court must consider equitable factors under Rule 55 and determine whether one of the specific requirements of Rule 60(b) is met. *Thompson v. American Home Assurance Company,* 95 F.3d 429, 433 (6th Cir. 1996)(citations omitted).

### Opinion

The Court finds that this case presents unique and extraordinary circumstances which warrant setting aside the default judgment. First, the Court finds that the *Scott-Pontzer* decision constitutes new law in view of the fact that there was no prior caselaw interpreting an employer's insurance policy for underinsured/uninsured motorist coverage to cover an employee or an employee's family member who was injured in a non-work related automobile accident. Setting aside the default judgment would enable plaintiffs to pursue all insurance proceeds to which they may arguably be entitled under Ohio law as set forth in the *Scott-Pontzer* and *Ezawa* decisions.

Second, although the decisions on which plaintiffs rely were issued prior to entry of the default judgment, there is no indication that plaintiffs acted in bad faith by failing to bring those decisions to the Court's attention until after default judgment had been entered. Rather, it appears that counsel simply remained unaware of the decisions for some time after they were issued. Plaintiffs' lack of diligence does not preclude setting aside a default judgment which they themselves sought against a defendant other than OCG.

Finally, OCG has not shown that it will be prejudiced if the default judgment is set aside. OCG does not allege, and it does not appear, that the passage of time will hamper its ability to

defend plaintiffs' claims against it. Moreover, OCG has failed to show that it would be prejudiced by a decision to overturn the default judgment because it did not become aware of this lawsuit until after the default judgment had been entered and the amount of damages had been determined. A review of the transcript of the default hearing discloses that although plaintiffs' damages exceeded $100,000, the Court did not determine the exact amount of damages before issuing the default judgment. Rather, the Court entered a default judgment in the amount of $100,000 in order to accommodate the parties' desire to expeditiously resolve plaintiffs' claims against defendant Allstate in the district court and allow plaintiffs to continue on to the Court of Appeals. The amount of plaintiffs' damages is an issue that will be reopened upon the setting aside of the default judgment. OCG will therefore not be prejudiced by a decision to overturn the default judgment.

### Conclusion

The Court exercises its discretion to set aside the default judgment against defendant Sok. New developments in Ohio law pursuant to which plaintiffs may be entitled to additional insurance benefits, the circumstances surrounding entry of the default judgment, and the lack of prejudice to OCG justify setting aside the default judgment. Plaintiffs' amended 60(b) motion is therefore **GRANTED.** The default judgment against defendant Sok is **VACATED.** This case remains pending against defendant Sok and intervenor-defendant OCG.

**IT IS SO ORDERED.**

_____
HERMAN J. WEBER
UNITED STATES DISTRICT JUDGE