Joseph W. Gelwicks (0027108)
Trial Attorney for Defendant
Fidelity and Guaranty Insurance Underwriters, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN G. JACKSON, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF PAULA K. JACKSON, DECEASED, et al.

    Plaintiffs

vs.

SOY SOK, et al.

    Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. C-1-01-0756

Judge Dlott

**AFFIDAVIT OF NANCY A. NEWCOM**

Now comes Nancy Newcom, being fully cautioned and sworn, does depose and state as follows.

1. I am a Senior Claims Representative with Fidelity & Guaranty Insurance Underwriters, Inc.

2. I am currently assigned to adjust the above captioned claim asserted by Kevin Jackson arising out of an automobile accident which occurred on September 6, 1997. Kevin Jackson seeks uninsured motorists benefits under a policy which Fidelity and Guaranty Insurance Underwriters, Inc. issued to Hater Industries, Inc., effective for the date of the accident.

3. The claim file for the above referenced claim consists of records and documents made in the normal and ordinary course of business for Fidelity and Guaranty Insurance Underwriters, Inc. The records and documents in the claim file, which are currently under my care and control, demonstrate that Fidelity and Guaranty Insurance Underwriters, Inc. first received notice of this claim on August 8, 2000.

FURTHER AFFIANT SAYETH NAUGHT.

STATE OF Ohio        )
                     ) SS:
COUNTY OF Cuyahoga   )

Sworn to before me and subscribed in my presence by the said, Nancy Newcom, this 8th day of Oct_____, 2003.

_____
Notary Public

Paul Truhan Notary Public
In And For The State Of Ohio
My Commission Expires Dec. 10, 2004

Joseph W. Gelwicks (0027108)
Trial Attorney for Defendant
Fidelity and Guaranty Insurance Underwriters, Inc.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| KEVIN G. JACKSON, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF PAULA KAY JACKSON, DECEASED, et al. | : : : : | Case No. C-1-01-0756<br><br>Judge Dlott |
| Plaintiffs | : : | **MOTION OF DEFENDANT, FIDELITY & GUARANTY INSURANCE UNDERWRITERS, INC. FOR SUMMARY JUDGMENT** |
| vs. | : : : | |
| SOY SOK, et al. | : : | |
| Defendants | : | |

Comes now the Defendant, Fidelity & Guaranty Insurance Underwriters, Inc., by and through counsel, pursuant to Federal Rule of Civil Procedure 56, and hereby moves this Court for an Order granting summary judgment in its favor. This Motion is supported by the attached Memorandum of Law, the pleadings, the Affidavit of Nancy Newcom, separately filed herein and attached hereto, and a certified copy of the policy, separately filed herein.

Respectfully submitted,

/s/ Joseph W. Gelwicks
Joseph W. Gelwicks        (0027108)
Trial Attorney for Defendant
Fidelity & Guaranty Insurance Underwriters, Inc.
**RENDIGS, FRY, KIELY & DENNIS, L.L.P.**
900 Fourth & Vine Tower

Five West Fourth Street
Cincinnati, Ohio 45202
(513) 381-9211
(513) 381-9206 fax

## **MEMORANDUM**
### **I. Introduction**

In this action, Plaintiffs, Kevin G. Jackson, individually, and as administrator of the estate of Paula Jackson ("Plaintiffs"), seek UM/UIM benefits for the death of Paula Kay Jackson, wife of Kevin Jackson. Plaintiffs seek such benefits from Kevin's employer's insurance carrier, Defendant Fidelity & Guaranty Insurance Underwriters, Inc ("F&G"). Plaintiffs' claim is based upon the Ohio Supreme Court case of Scott-Pontzer v. Liberty Mut. Ins. Co. Since F&G's Policy is a policy including commercial general liability coverage, however, and not a motor vehicle policy, Ohio's UM/UIM statute does not apply to this Policy. In other words, F&G was not required to offer UM/UIM coverage under its commercial general liability policy, and therefore no such coverage can arise by operation of law.

Assuming, arguendo, that F&G's Policy is a motor vehicle policy, Plaintiffs are still precluded from coverage under the Policy. This is so because Plaintiffs' decedent was not an insured under this Policy. Further, Plaintiffs, in failing to provide prompt notice to F&G of the accident, breached the Policy's condition precedents to coverage, thereby prejudicing F&G. Plaintiffs cannot overcome the presumption which befalls F&G by virtue of such prejudice.

## II. Facts

On September 6, 1997, the Plaintiffs' decedent, Paula Jackson, was struck by a vehicle operated by Defendant Soy Sok.[1] As a result of the accident, Paula Jackson died.[2] On June 19, 1998, Kevin Jackson, individually as the representative of the estate of Paul Jackson, filed an action for wrongful death against Soy Sok and Allstate Insurance Company in the United States District Court for the Southern District of Ohio, Case No. C-1-98-440, Judge Weber.[3] Defendant Soy Sok never responded to that Complaint. On June 15, 1999, Plaintiffs then filed a Motion for Default Judgment, which was granted by Judge Weber on October 18, 1999.[4] That Entry entered judgment in the amount of $100,000, the maximum amount of the decedent's coverage with Allstate.[5]

Plaintiffs then sought to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(B), to add additional Pontzer carriers. The District Court granted Plaintiffs' Motion, and this decision was affirmed on appeal.[6] The Defendants have filed a petition for a writ of certiorari in the United States Supreme Court.

On October 31, 2001, Plaintiffs filed a second lawsuit, naming F&G, among several other insurance carriers. Plaintiffs' claims are based Kevin's status as an employee of the named insured,

---

[1] See Plaintiff's Complaint, ¶¶ 10-11.

[2] See id. at ¶ 8.

[3] See Certified Copy of Complaint, attached hereto as Exhibit A.

[4] See Certified Copy of Entry of Default Judgment, attached hereto as Exhibit B.

[5] See id.

[6] See Certified Copy of Entry setting aside Default Judgment, attached hereto as Exhibit C.

Hater Industries, to whom F&G issued a commercial general liability insurance policy.[7] Plaintiffs did not provide notice of this claim or the accident to F&G until August 8, 2000.[8]

### III. F&G's policy

F&G issued a policy including commercial general liability coverage, Policy Number 1MP300991152-02, effective for the policy year January 1, 1997 to January 1, 1998 to Hater Industries, Inc.[9] The policy provides general liability coverage in an amount of $500,000 per occurrence.[10] The Common Policy Conditions provide, in pertinent part, as follows:

> F. Transfer of Your Rights and Duties Under This Policy. Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.[11]

The Commercial General Liability Conditions require the following duties in case of a claim or suit:

> 2. Duties in the Event of Occurrence, Offense, Claim or Suit:
>
> a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
> > 1. How, when and where the "occurrence" or offense took place;
> > 2. The names and addresses of any injured persons and witnesses; and

---

[7] See Plaintiff's Complaint, ¶ 3.

[8] See Affidavit of Nancy Newcomb, separately filed herein and attached hereto as Exhibit D.

[9] See Certified Copy of the Policy, filed separately herein. The pages containing the relevant policy language are attached hereto as separate exhibits.

[10] See Declarations Page, copy attached as Exhibit E.

[11] See Common Policy Conditions, attached hereto as Exhibit F.

      3. The nature and location of any injury or damage arising from the occurrence of offense.[12]

Those conditions also contains a Transfer of Rights of Recovery condition, which provides that

> If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them.[13]

The CGL policy excludes the following coverages

    g. Aircraft, Auto or Watercraft

    "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto", or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

    This exclusion does not apply to:

    3. Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;[14]

An auto is defined as "a land motor vehicle, trailer, or semitrailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include mobile equipment.[15]

    The policy defines an insured, in pertinent part, as follows:

Section II - Who is an Insured

    1. If you an designated in the Declarations as

---

[12] See Commercial General Liability Coverage Form, page 8 of 13, attached hereto as Exhibit G.

[13] See id., page 9 of 13, attached hereto as Exhibit H.

[14] See id, page 3 of 13, attached hereto as Exhibit I.

[15] See id., page 10 of 13, attached hereto as Exhibit J.

d. an organization other than a partnership, joint venture, or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers and directors. Your stockholders are insureds, but only with respect to their liability as stockholders.

2. Each of the following is also an insured:

a. your "employees" other than either your "executive officers" (if you are an organization other than a partnership, joint venture, or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.[16]

## IV. Argument

### A. F&G's Policy is not a motor vehicle policy, and therefore no UM/UIM coverage arises by operation of law

In this case, F&G anticipates that Plaintiffs will argue that its commercial general liability policy is converted into a motor vehicle policy by virtue of the incidental coverage offered under the "parking an auto" exception. However, in Davidson v. Motorist Mut. Ins. Co. (2001), 91 Ohio St.3d 262, Syllabus, 744 N.E.2d 713, the Ohio Supreme Court held that an insurance policy which provides "incidental" coverage for motor vehicles does not thereby transform to a motor vehicle policy by virtue of such coverage. See also Hillyer v. State Farm Fire & Cas. Co. (2002), 97 Ohio St. 3d 411 (finding the policy was not a motor vehicle policy by virtue of "incidental coverage" which was "remote and insignificant to the type of overall coverage the policy provided."). In this case, the parking an auto exception provides only incidental coverage for motor vehicles, far removed from the general liability coverage the policy provides.

---

[16] See id., pages 6-7 of 13, copy attached hereto as Exhibit K.

In fact, a number of appellate courts have followed Davidson and Hillyer in rejecting the argument that the exact same language, under the exact same version of R.C. 3937.18, transforms a policy into a motor vehicle policy. See Lee-Lipstrue v. Chubb Gp. of Ins. Co. (6th Cir. 2003), 329 F.3d 898, citing Hillyer v. State Farm Fire & Cas. Co., (2002), 97 Ohio St.3d 411; Ryan v. Dolin (8th App. Dist., 2003), 2003-Ohio-2738 (finding that the parking an auto exception created the exact kind of incidental coverage to which Davidson referred, as offering coverage "remote from and insignificant to the type of overall coverage the policy provided.");[17] McCullar v. Barth Indust. (8th App. Dist., 2003), 2003-Ohio-4194;[18] Szekeres v. State Farm Fire & Cas. Co. (5th App. Dist.), 2002-Ohio- 5989 ("We find to magnify this provision to the point that it would transform a general liability policy into a motor vehicle policy is to step beyond the pale.");[19] and Wheeler v. Western Reserve Mut. Cas. Co. (9th App. Dist.), 2003-Ohio-1806.[20]

Further, the majority of courts addressing this issue under a subsequent version of Ohio's UM/UIM statute have also agreed that the parking an auto exception does not transform the policy into a motor vehicle policy. See Acree v. CNA Ins. Co. (1st App. Dist.), 2003-Ohio-3043;[21] DeUzcha v. Derham (2nd App. Dist.), 2002-Ohio-1814;[22] Ryan v. Smith (3rd App. Dist.), 2002-Ohio-5581;[23]

---

[17] Copy attached hereto as Exhibit L.

[18] Copy attached hereto as Exhibit M.

[19] Copy attached hereto as Exhibit N.

[20] Copy attached hereto as Exhibit O.

[21] Copy attached hereto as Exhibit P.

[22] Copy attached hereto as Exhibit Q.

[23] Copy attached hereto as Exhibit R.

Rucker v. Davis (4th App. Dist.), 2003-Ohio-3189;[24] Devore v. Richmond (6th App. Dist.), 2002-Ohio-3965;[25] Blake v. First Fin. Ins. Co. (7th App. Dist.), 2003-Ohio-1433;[26] Wiley v. Grange Mut. Cas. Co. (9th App. Dist.), 2003-Ohio-539;[27] and Allen v. Transportation Ins. Co. (10th App. Dist.), 2002-Ohio-6449.[28] In fact, this issue has been certified to the Ohio Supreme Court. See German v. Therm-O Disc, Inc., 96 Ohio St.3d 1488, 774 (Sep 04, 2002).

Accordingly, since F&G's Policy is not a motor vehicle policy, no UM/UIM coverage arises by operation of law.

**B. Plaintiffs' decedent, as a family member of a Hater Industries employee, is not an insured under F&G's Policy**

F&G's Policy defines insureds to include **you**, if the Named Insured is a Corporation. Nothing in the policy, however, extends coverage to family members of an insured. Accordingly, Plaintiffs' decedent, who was not an employee of Hater Industries, cannot be an insured under F&G's Policy. See Lawler v. Fireman's Fund Ins. Co. (6th Cir. 2003), 322 F.3d 900 ("Ezawa has been followed, and implied insured status extended to family members, only when family members are included in the ambiguous definition of an insured."); Gibson v. New Hampshire Ins. Co. (S.D.Ohio, 2001), 178 F.Supp.2d 921 ("The rationale of Scott-Pontzer would not justify extending the definition of an insured to include an employee's family members who have no connection with

---

[24] Copy attached hereto as Exhibit S.

[25] Copy attached hereto as Exhibit T.

[26] Copy attached hereto as Exhibit U.

[27] Copy attached hereto as Exhibit V.

[28] Copy attached hereto as Exhibit W.

Page 8

the corporate insured."); Hamilton v. Ohio Hosp. Ins. Co. (2nd App. Dist.), 2003-Ohio-1762;[29] Blankenship v. Travlers Ins. Co. (4th App. Dist.), 2003-Ohio-2592;[30] Morrision v. Emerson (5th App. Dist.), 2003-Ohio-2708;[31] Piciorea v. Genesis Ins. Co. (8th App. Dist.), 2003-Ohio-3955;[32] Jones v. Gue (9th App. Dist.), 2003-Ohio-358;[33] and Ogg v. National Union Fire Ins. Co. of Pittsburgh, PA (10th App. Dist.), 151 Ohio App.3d 316.   This issue is also before the Ohio Supreme Court for review. See Allen v. Johnson (2002), 78 N.E.2d 1051.

**C.  Plaintiff breached the Policy's prompt notice condition**

**1. Applicability of the conditions precedent**

The Policy contains no UM/UIM endorsement for Ohio. Accordingly, any Ohio UM/UIM coverage under F&G's Policy arises by operation of law. Thus, the Policy's prompt notice condition is therefore applicable to Plaintiffs' UIM claims. See Litner v. The Midwestern Indemnity Co. (2002), 2002-Ohio-5609;[34] Green v. Cincinnati Ins Co. (6th App. Dist), 2001 Westlaw 1556216;[35] Luckenbill v. Midwestern Indemn. Co. (2nd App. Dist., 2001), 143 Ohio App.3d 501; Lepley v.

---

[29] Copy attached hereto as Exhibit X.

[30] Copy attached hereto as Exhibit Y.

[31] Copy attached hereto as Exhibit Z.

[32] Copy attached hereto as Exhibit AA.

[33] Copy attached hereto as Exhibit BB

[34] Copy attached hereto as Exhibit CC.

[35] Copy attached hereto as Exhibit DD.

Hartford Accident & Indemn. Co. (N.D. Ohio, 2001), 174 F.Supp.2d 656; Chamberlin v. Williams (6th App. Dist.) 2002-Ohio-6350.[36]

### 2. By failing to provide Liberty with notice of their claim until more than three years after the accident, Plaintiffs breached the Policy's prompt notice provision.

In this case, the accident occurred on September 6, 1997. Plaintiffs did not provide notice to F&G until August 8, 2000.[37] A presumption of prejudice arises in favor of the insurer upon breach of a policy's late notice provisions. See Ferrando v. Auto Owners Ins. Co., 98 Ohio St.3d 186. In Ferrando, the Court held that in evaluating whether a prompt notice provision has been breached, and the resulting consequences of such breach, a court must conduct a two-step inquiry. First, the court must determine whether a breach of the policy's provision actually occurred. This determination is "based on asking whether the UIM insurer received notice 'within a reasonable time in light of all the surrounding facts and circumstances.'" Reasonableness depends largely upon the claimant's diligence in exploring potential coverage:

> Where coverage is sought by an additional insured, that is, by a person who is not the named insured under the policy . . . the most common reason for failure of such additional insured to give timely notice to the named insured's insurer is that the additional insured was not aware of the fact that he was covered under the policy issued to the named insured. Courts have generally held that where an additional insured's ignorance of coverage is understandable, and where notice is given promptly after the additional insured becomes aware of the possible coverage, even a long period of delay is excusable. However, courts place limits on their liberality with respect to excused delayed notice by holding **generally that ignorance of coverage is no excuse where the additional insured failed to exercise due**

---

[36] Copy attached hereto as Exhibit EE.

[37] See Affidavit of Nancy Newcom, Exhibit D.

**diligence in investigating possible coverage, a caveat which is usually invoked where the facts are such that the additional insured should have looked into the matter of coverage sooner than he did.** (Citations omitted).

In this case, the accident for which Plaintiffs seek UIM coverage occurred on September 6, 1997. In 1997, the Ohio Supreme Court interpreted Ohio's UM/UIM statute to require that insurers must offer UM/UIM coverage with every motor vehicle policy delivered or issued in this state, and failure to do so results in the insured's acquiring such coverage by operation of law. See Gyori v. Johnston Coca-Cola Bottling Group, Inc. (1996), 76 Ohio St.3d 565, 567. Thus, Plaintiffs should have known at the time of the accident that they had potential coverage for UM/UIM under the decedent's employer's policy. Further, the Ohio Supreme Court decided Scott-Pontzer on **June 23, 1999**, more than one year prior to the time F&G received notice of Plaintiffs' claim. Plaintiffs clearly should have known at the time of the accident, and at least at the time Scott-Pontzer was decided, that they potentially had other sources of UM/UIM coverage. Their failure to provide notice to F&G until three years after Scott-Pontzer was decided proves fatal to their claim.

Since Plaintiffs' notice was untimely, that provision of the Policy requesting prompt notice was breached. Under Ferrando, F&G is presumed prejudiced by this breach. Absent any facts to rebut this presumption, Plaintiffs are barred from recovering under F&G's Policy. See Kearney v. Valsi Cleaners (9th App. Dist.), 2003-Ohio-3506,[38] in which the court held that notice four years after an accident, and two years after the Scott-Pontzer case was decided prejudicial as a matter of law.

---

[38] Copy attached hereto as Exhibit FF.

Page 11

In other words, "awaiting a favorable supreme court decision is not a reasonable excuse for delay." Smith v. Liberty Mut. Ins. Co. (9th App. Dist.), 2003-Ohio-3160.[39]

Plaintiffs have failed to offer any evidence to rebut the presumption that F&G is prejudiced by Plaintiffs' late notice. Accordingly, F&G is entitled to summary judgment in its favor.

**V. Conclusion**

Based upon the above argument, F&G respectfully requests this Court to grant summary judgment in its favor.

Respectfully submitted,

/s/ Joseph W. Gelwicks
Joseph W. Gelwicks    (0027108)
Trial Attorney for Defendant
Fidelity & Guaranty Insurance Underwriters, Inc.
**RENDIGS, FRY, KIELY & DENNIS, L.L.P.**
900 Fourth & Vine Tower
Five West Fourth Street
Cincinnati, Ohio 45202

**CERTIFICATE OF SERVICE**

I hereby certify that on October___, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

---

[39] Copy attached hereto as Exhibit GG.

John H. Metz  
44th Floor Carew Tower  
441 Vine Street  
Cincinnati, Ohio 45202-3016  
Attorney for Plaintiffs

Benjamin M. Maraan II, Esq.  
5465 North Bend Road  
Suite 333  
Cincinnati, Ohio 45247  
Attorney for Plaintiffs

/s/ Joseph W. Gelwicks

240-1114