[Cite as *Ryan v. Dolin*, 2003-Ohio-2738.]

−1−

COURT OF APPEALS OF OHIO, EIGHTH DISTRICT

COUNTY OF CUYAHOGA

No. 81689

MICHAEL RYAN

    Plaintiff-Appellant

vs.

LARRY DOLIN, ET AL.

    Defendants-Appellees

: JOURNAL ENTRY
:
: AND
:
: OPINION
:

DATE OF ANNOUNCEMENT
OF DECISION                                               : MAY 29, 2003

CHARACTER OF PROCEEDINGS    : Civil appeal from
Common Pleas Court
Case No. CV-442515

JUDGMENT
    AFFIRMED IN PART;
: REVERSED IN PART
: AND REMANDED.

DATE OF JOURNALIZATION       : _____

APPEARANCES:

For plaintiff-appellant:

    LEON M. PLEVIN, ESQ.
KATHLEEN J. ST. JOHN, ESQ.
Nurenberg, Plevin, Heller
& McCarthy
1st Floor Standard Building
1370 Ontario Street
Cleveland, Ohio 44113-1792

For defendants-appellees:

    VICTOR T. DIMARCO, ESQ.
RONALD A. RISPO, ESQ.
SHAWN W. MAESTLE, ESQ.
Weston, Hurd, Fallon, Paisley
& Howley, L.L.P.
2500 Terminal Tower
50 Public Square

FRANK D. CELEBREZZE, JR., J.:

    {¶1} The appellant, Michael Ryan, appeals the decision of the Cuyahoga County

-2-

Court of Common Pleas, Civil Division, which denied his motion for summary judgment and granted a joint motion for summary judgment by appellees, American Manufacturers Mutual Insurance Company ("American") and Lumbermans Mutual Casualty Company ("Lumbermans").

{¶2} For the following reasons, we affirm in part, reverse in part and remand to the trial court.

{¶3} The instant matter stems from an accident that occurred on November 9, 1990. Michael Ryan was an employee of The Front Row Theatre, Inc. ("Front Row") located in Highland Heights, Ohio. Ryan, during the course of his employment, was directing vehicle traffic for a Front Row event from the center lane of Wilson Mills Road. Ryan was struck by Lloyd Sahley, who was driving his vehicle in the center lane.

{¶4} At the time of the accident, Sahley was covered by an automobile insurance policy issued by Allstate Insurance Company. On September 9, 1992, Ryan settled his claim with Allstate Insurance for the policy limit of $100,000 and provided Sahley and Allstate Insurance a full release in return for the settlement proceeds. Ryan claims that he remains uncompensated for the full extent of his injuries arising from this accident.

{¶5} At the time this accident occurred, the Front Row possessed two insurance policies: one issued by Lumbermans and the other by American. The first is a commercial automobile policy (No. 3MA 420 99101) issued by Lumbermans, which contained an uninsured/ underinsured motorists ("UM/UIM") policy. The second is a commercial general liability policy (No. 3MH 420 001-01) issued by American, which contains liability coverage for vehicles parked on Front Row premises. The named insured for both policies is The Front Row Theatre, Inc.

{¶6} On June 21, 2001, Ryan filed a complaint against Larry Dolin, d.b.a. The

-3-

Front Row Theatre Inc., seeking underinsured motorist benefits. The initial complaint was then amended, and Larry Dolin was dismissed as a defendant from the lawsuit. All parties moved for summary judgment, and on August 1, 2002, the trial court granted the appellees' joint motion for summary judgment. The trial court found that the Lumbermans automobile policy was not ambiguous because of its endorsement, "Drive Other Car Coverage-- Broadened Coverage for Named Individuals," which added Jamie, Larry, Deedra, Mollie, Nate, and Jon Dolin to the commercial policy, thereby curing the ambiguous term "you." Therefore, the trial court held that an analysis under *Scott-Pontzer v. Liberty Mut. Ins. Co.* (1999), 85 Ohio St.3d 660, was not applicable.

{¶8} The trial court also held that American's commercial general liability policy was not a motor vehicle policy pursuant to R.C. 3937.18. The court further stated that even if this second policy was an automobile policy, it specifically excluded coverage for bodily injuries to individuals arising from the scope of their employment and compensable by Worker's Compensation.

{¶9} Ryan now appeals and presents two assignments of error for this court's review:

{¶10} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO THE COMMERCIAL GENERAL LIABILITY POLICY OF INSURANCE ISSUED TO THE FRONT ROW THEATRE, INC."

{¶11} "II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT LUMBERMANS MUTUAL CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO THE COMMERCIAL AUTOMOBILE POLICY OF INSURANCE TO THE FRONT ROW THEATRE, INC."

{¶12} We address these assigned errors together because they both challenge the trial court's decision concerning cross motions for summary judgment.

-4-

{¶13} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio App.2d 1; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶14} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356.

{¶15} In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in *Wing v. Anchor Medina Ltd. of Texas* (1991), 59 Ohio St.3d 108. Under *Dresher*, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." *Id.* at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. *Id.* at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. *Id.*

{¶16} This court reviews the lower court's granting of summary judgment de novo. *Brown v. Scioto Bd. of Commrs.* (1993), 87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the

standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." *Saunders v. McFaul* (1990), 71 Ohio App.3d 46, 50; *Link v. Leadworks Corp.* (1992), 79 Ohio App.3d 735, 741.

{¶18} For purposes of clarity, we will analyze the Lumbermans commercial auto policy first.

{¶19} In the present case, the appellant asserts that he is afforded uninsured/underinsured motorist coverage pursuant to the Ohio Supreme Court's ruling in *Scott-Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660. In *Scott-Pontzer*, the Supreme Court of Ohio determined that a commercial automobile policy issued to Superior Dairy Inc. provided benefits to Kathryn, the surviving spouse of Christopher Pontzer. Pontzer was an employee of Superior Dairy, not in the scope of his employment, when he was killed in an automobile accident caused by the negligence of another motorist. The commercial automobile policy issued to the corporation designated Superior Dairy as the named insured, and the underinsured motorists section included the following definition of "insured":

{¶20} "B. Who Is An Insured

{¶21} "1. You

{¶22} "2. If you are an individual, any family member.

{¶23} "3. Anyone else occupying a covered auto or a temporary substitute for a covered auto.

{¶24} "The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.

{¶25} "4. Anyone for damages he or she is entitled to recover because of

–6–

bodily injury sustained by another insured."

{¶27} The Supreme Court of Ohio concluded that the above definition of "insured" was ambiguous in that the term "you" could be construed to include the corporation's employees because a corporation does not suffer physical injuries and can only act through real live persons. Employing the legal principle that ambiguous provisions in an insurance contract will be construed against the insurer, the court concluded that Pontzer was an insured at the time of his death under the underinsured motorists provision of the commercial automobile policy issued to Superior Dairy. Id.

{¶28} In the instant matter, appellant contends the trial court erred in concluding the "Drive Other Car" endorsement cures the *Scott Pontzer* ambiguity as to who is insured. We agree.

{¶29} Lumbermans commercial auto policy names "The Front Row Theatre, Inc." as the "insured." The commercial auto policy provides the following:

{¶30} "We will pay all sums the 'insured' is legally entitled to recover as damages from the owner or driver of an 'uninsured motor vehicle.' The damages must result from 'bodily injury' sustained by the 'insured' caused by an 'accident.' The owner's or driver's liability for these damages must result from the ownership, maintenance, or use of the 'uninsured motor vehicle.'"

{¶31} The policy further defines "who is an insured":

{¶32} "B. WHO IS AN INSURED

{¶33} "1. You.

{¶34} "2. If you are an individual, any 'family member.'

{¶35} "3. Anyone else 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto.' The covered auto must be out of service because of its

-7-

breakdown, repair, servicing, loss or destruction.

{¶37} "4. Anyone for damages he or she is entitled to recover because of 'bodily injury' sustained by another 'insured.'"

{¶38} This court finds the above ambiguous insurance language analogous with the insurance policy issued to Superior Dairy in *Scott-Pontzer*.

{¶39} As to the Lumbermans commercial auto policy endorsement, this court has held in prior decisions that a "Drive Other Car Coverage -- Broadened Coverage For Named Individuals" provision, which, in the instant matter, names Jamie, Larry, Deedra, Mollie, Nate, and Jon Dolin as insureds, simply broadens the insurance coverage offered by Lumbermans. See *Sekula v. Hartford Ins. Co.* (March 13, 2003), Cuyahoga App. No. 81295, 2003-Ohio-1160; *Brozovic v. St. Paul Fire & Marine Ins. Co.* (Feb. 6, 2003), Cuyahoga App. No. 80868, 2003-Ohio-554; *Warren v. Hartford Ins. Co.* (Dec. 19, 2002), Cuyahoga App. No. 81139, 2002-Ohio-7067; and *Addie v. Linville* (Oct. 3, 2002), Cuyahoga App. Nos. 80547, 80916, 2002-Ohio-5333.

{¶40} The "Drive Other Car Coverage" endorsement in the Lumbermans policy simply expands coverage to include the people named in the schedule and fails to cure the *Scott-Pontzer* ambiguity of designating only the corporate entity as the "named insured." Therefore, this court finds that the appellant is an "insured" under the Lumbermans policy, pursuant to the Ohio Supreme Court's ruling in *Scott-Pontzer*.

{¶41} Next this court will address the American commercial general liability policy. The determination of whether an insurance policy is an "automobile policy" must begin with an analysis of the policy language. *Hillyer v. State Farm Fire & Casualty Co.*, 97 Ohio St.3d 411, 2002-Ohio-6662. The appellant asserts that the commercial general liability policy issued by American is a

motor vehicle policy subject to the offer of UM/UIM coverage requirements in R.C. 3937.18. This court disagrees with the appellant and finds the commercial general liability policy is not a motor vehicle policy.

{¶43} The provision that the appellant relies upon to establish a motor vehicle policy states:

{¶44} "g. 'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto,' or watercraft owned or operated by or rented or loaned to any 'insured.'

{¶45} "This exclusion does not apply to:

{¶46} "(3) Parking an 'auto' on, or on the ways next to, premises you own or rent, provided you own or rent, provided the 'auto' is not owned by or rented or loaned to you or the insured."

{¶47} This court has recently decided *Ribeiro v. John Doe Insurance Companies* (Jan. 30, 2003), Cuyahoga App. No. 81396, 2003-Ohio-433, which dealt with a commercial general liability policy containing an identical "parking" endorsement. The commercial liability policy in *Ribeiro* stated:

{¶48} "g. Aircraft, Auto, or Watercraft

{¶49} "'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or 'treatment to others of any * * * auto * * * owned or operated by or rented or loaned to any 'insured' * * *

{¶50} "* * * this exclusion does not apply to:

{¶51} "(3) Parking an 'auto' on, or on the ways next to, premises you own or rent, provided the 'auto' is not owned by or rented or loaned to you or the insured." Id. at ¶23-27.

{¶52} The *Ribeiro* court held, "Unlike the situation in *Selander* where 'there

was express liability coverage arising from the use of automobiles' through hired and non-owned vehicle provisions, this policy takes pains to exclude coverage for the use of 'autos' as that term is defined in the policy. Instead, this policy is more akin to that examined in *Davidson* and *Hillyer* which provided only 'incidental coverage' for automobiles." Id. at ¶35. This court finds no difference between the *Ribeiro* insurance endorsement providing for "parking" and the one presented by appellant.

{¶54} When the American insurance policy is read as a whole, the provision providing coverage for parked vehicles is simply "incidental" to the overall coverage of the American policy. "The coverage in *Davidson* was not incidental merely because it involved recreational vehicles. Instead, it was incidental primarily because coverage of those vehicles was remote from and insignificant to the type of overall coverage the policy provided." *Hillyer v. State Farm Fire & Casualty Co.*, 97 Ohio St.3d 411, 2002-Ohio-6662 at ¶22.

{¶55} In the instant matter, the "parking exception" provides only incidental coverage for automobiles parked "on" or "next to" the premises an insured "owns" or "rents" provided the auto is "not owned, rented, or loaned," to "you" or to the "insured." Therefore, we affirm the trial court's decision that found that American's policy is not a motor vehicle policy under R.C. 3937.18.

{¶56} We decline to address the issues of notice, subrogation, and prejudice with regard to American's policy; these issues are moot. Also, these issues with regard to the Lumberman's policy are yet to be addressed by the trial court on remand.

{¶57} The grant of summary judgment as to the Lumbermans insurance policy is reversed and remanded to the lower court for further proceedings consistent with this opinion. The grant of summary judgment as to the American insurance policy is affirmed.

[Cite as *Ryan v. Dolin*, 2003-Ohio-2738.]                    −10−

This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant and appellees share the costs herein taxed.

The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

 

                                                               FRANK D. CELEBREZZE, JR.
                                                                     JUDGE

PATRICIA A. BLACKMON, P.J., AND

ANN DYKE, J.,                CONCUR.

N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).

[Cite as *Ryan v. Dolin*, 2003-Ohio-2738.]                –11–

[Cite as *Ryan v. Dolin*, 2003-Ohio-2738.]                –11–