[Cite as *McCullar v. Barth Industries Co.*, 2003-Ohio-4194.]

COURT OF APPEALS OF OHIO, EIGHTH DISTRICT

COUNTY OF CUYAHOGA

NO. 82354

JERRY McCULLAR, ET AL.,

    Plaintiffs-Appellants/
    Cross-Appellees                    :           JOURNAL ENTRY
                                                     and
vs.
                                                  OPINION

BARTH INDUSTRIES CO., ET AL.,

    Defendants-Appellees/
    Cross-Appellants


DATE OF ANNOUNCEMENT
OF DECISION                      :   AUGUST 7, 2003

CHARACTER OF PROCEEDING          :   Civil appeal from
                                     Common Pleas Court
                                     Case No. 441043

JUDGMENT                         :   AFFIRMED.

DATE OF JOURNALIZATION           :

APPEARANCES:

For plaintiffs-appellants/           Todd O. Rosenberg, Esq.
cross-appellees:                     ELK & ELK CO., L.P.A.
                                        6110 Parkland Boulevard
                                        Mayfield Heights, Ohio  44124

For defendants-appellees/            John G. Farnan, Esq.
cross-appellants, Zurich                Daniel A. Richards, Esq.
Insurance Company and                Jeffrey G. Palmer, Esq.
Steadfast Insurance Company:         Lisa M. Sidoti, Esq.
                                        WESTON, HURD, FALLON, PAISLEY &
                                           HOWLEY
                                        2500 Terminal Tower
                                        50 Public Square
                                        Cleveland, Ohio  44113-2241

MICHAEL J. CORRIGAN, P.J.:

    {¶1} After plaintiff Jerry McCullar suffered injuries in an accident caused by another motorist and when the tortfeasor's insurance did not fully compensate McCullar for his injuries, he sought underinsured motorists

coverage against two insurance policies owned by his employer, defendant Barth Industries, and issued by codefendants Zurich Insurance Company and Steadfast Insurance Company. McCullar conceded that at the time of his accident, he had neither been driving a vehicle owned by Barth nor had he been acting within the course and scope of employment. Nevertheless, McCullar argued that Barth's insurance policies so broadly defined the word "you" as to create an ambiguity in the definition and thus operate to include him as an insured pursuant to the holding in *Scott-Pontzer v. Liberty Mut. Fire Ins. Co.*, 85 Ohio St.3d 660, 1999-Ohio-292. The court granted the insurance companies' joint motion for summary judgment, and McCullar appeals from that judgment in all respects. Zurich cross-appeals on grounds that the court failed to determine whether McCullar's settlement with the tortfeasor destroyed its rights to subrogation.

I

{¶3} Insurance policies are interpreted by applying the rules of construction and interpretation applicable in contract law. *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 167-168. When, as here, the parties do not dispute the meaning of the terms contained in a contract and merely seek an interpretation of the policy itself, it becomes a question of law that we review without deference to the court. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108, 1995-Ohio-214; *Alexander v. Buckeye Pipeline Co.* (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. Since there were no disputed issues of material fact, the court could proceed to judgment as a matter of law. See Civ.R. 56(C).

II

{¶4} The fundamental premise behind *Scott-Pontzer* was that a company's insurance policy which defined an "insured" in such a way as to suggest that the company could carry uninsured motorists coverage was ambiguous because it would be "nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury

or death, or operate a motor vehicle." Hence, the Supreme Court concluded that "naming the corporation as the insured is meaningless unless the coverage extends to some person or persons -- including to the corporation's employees." *Scott-Pontzer*, 85 Ohio St.3d at 664.

{¶6} Of course, the seminal issue is always whether the person claiming coverage is an insured -- if that person is "not an insured under the policies, then our inquiry is at an end." Id. at 662. The Zurich policy defined an "insured" according to standard practice as "you" and, if "you" is an individual, any family member, and anyone else who is "occupying" a covered auto. Were that the only definition of an insured, it would surely be considered ambiguous under *Scott-Pontzer*.

{¶7} However, Endorsement A to the Zurich policy identified twenty-eight businesses and three named individuals as "named insured." The Zurich policy also contained a "drive other car coverage - broadened coverage for named individuals" endorsement which named four individuals: Carol, Joan, Robert and John Tomsich. When ruling on Zurich's motion for summary judgment, the court apparently found that the use of the word "you" in the definition of an insured rendered the policy ambiguous under *Scott-Pontzer*, but held that the drive other car coverage endorsement removed any ambiguity under *Scott-Pontzer*. McCullar argues that the court erred because the drive other car coverage endorsement does not remove the initial ambiguity contained in the definition of an insured.

1

{¶8} The issue centering on the drive other car endorsement is well-settled within this district. In *Addie v. Linville*, Cuyahoga App. Nos. 80547 and 80916, 2002-Ohio-5333, this court held that:

{¶9} "Primarily, we reject the notion that the holding of *Scott-Pontzer* does not apply because a separate endorsement modifies the Business Auto Coverage Form of the liability policy to add certain named individuals to the

definition of who is an insured contained therein. We note that the particular endorsement relied upon does not substitute for, but rather explicitly adds to, the definition of who is an insured in the Business Auto Coverage Form. Thus, the ambiguity found in *Scott-Pontzer* remains and the ambiguous 'you' must still be deemed to include employees of the corporate entity identified as the 'Named Insured.' Independent of the fact, the Ohio Uninsured Motorists Coverage-Bodily Injury endorsement separately modifies the Business Auto Coverage Form by changing the provisions of 'Who is An Insured' for purposes of UIM coverage. This endorsement does not reference the individuals identified in Drive Other Car Coverage-Broadened Coverage for Named Individuals endorsement."

{¶11} The endorsement states that it "modifies insurance provided under the following" and goes on to list the business auto coverage form. On the back page of the endorsement, Section B.2 states that "the following is added to WHO IS AN INSURED." Like the endorsement in *Addie*, the drive other car endorsement of the Zurich policy adds to but does not restrict who is considered a "named insured" set forth in Section II.A.1 of the policy.

{¶12} A majority of the members of this court have followed *Addie*. See *Warren v. Hartford Ins. Co.*, Cuyahoga App. No. 81139, 2002-Ohio-7067; *Unger v. Buckeye Union Ins. Co.*, Cuyahoga App. No. 81208, 2003-Ohio-2044; *Franklin v. Am. Mfrs. Mut. Ins. Co.*, Cuyahoga App. No. 81197, 2003-Ohio-1340. Principles of stare decisis demand that we continue to do so.

{¶13} We are aware that both the Second and Ninth Districts have ruled differently. See *Westfield Ins. Co. v. Galatis*, Summit App. No. 20784, 2002-Ohio-1502 (Ninth District); *White v. Am. Mfrs. Mut. Ins. Co.*, Montgomery App. No. 19206, 2002-Ohio-4125 (Second District). The conflict among districts is currently pending before the Ohio Supreme Court in *Westfield Ins. Co. v. Galatis* (2002), 96 Ohio St.3d 1446, 2002-Ohio-3512, on the issue "[w]hether the inclusion of a 'Broadened Coverage Endorsement,' adding individual named

insureds to a commercial motor vehicle liability policy, eliminates any ambiguity over the use of the term 'you' therein?" Until this issue is resolved definitively, we continue to adhere to *Addie*. We therefore find the court erred by granting summary judgment on the drive other car endorsement in the Zurich policy.

2

{¶15} But there is also the matter of "Endorsement A." The first page of the business auto coverage form lists the declarations of the policy, and has a line with the words "named insured" and lists "NESCO, INC." and immediately thereafter the words "SEE ENDORSEMENT A." This endorsement lists three individuals and twenty-eight entities as "named insureds." In *Workman v. Carlisle Engineered Prods.*, Cuyahoga App. Nos. 81179 and 81211, 2003-Ohio-293, appeal allowed in part, 2003-Ohio-2504, this court held at ¶38 that "[t]he rationale behind the decision in *Scott-Pontzer*, as set forth previously, does not exist here since the term 'you' 'extends to some person or persons' and is not limited to the corporate entity. In this case, 'you' is not ambiguous for purposes of UIM coverage." (Footnote omitted.)

{¶16} *Workman* correctly noted that the *Scott-Pontzer* ambiguity in the standard definition of "you" had been removed since individuals were specifically named as insureds. If a policy is ambiguous on grounds that the named insured was a corporation which could not be insured for purposes of UM/UIM coverage, the inclusion of named individuals necessarily removes this ambiguity -- the inclusion of named individuals must exclude those individuals who were not named. See *Radwandky v. Hartford Ins. Co.*, Cuyahoga App. No. 82249, 2003-Ohio-3029. Because McCullar was not listed as an individual in the endorsement, he is not an insured. And in accordance with *Scott-Pontzer's* directive to first consider whether there is coverage, we find McCullar did not qualify for coverage under the Zurich policy, so our inquiry "is at an end." It follows that the court did not err by granting summary judgment.[1]

---

[1] Our disposition of this assignment of error necessarily moots our consideration of Zurich's

III

{¶17} The next set of issues relate to the Steadfast policies. The court granted summary judgment to Barth on grounds that (a) the Steadfast coverage for autos parked on the premises did not transform the general commercial liability policy into a motor vehicle liability policy and (b) that even were the Steadfast policy interpreted as providing motor vehicle liability policy subject to R.C. 3937.18, McCullar would not be an insured because he was not acting within the scope of his employment at the time of his accident.

{¶18} The law in effect at the time the parties entered into the contract for insurance, former R.C. 3937.18, required the mandatory offer of UM/UIM coverage in any issue of "automobile liability or motor vehicle liability policies of insurance." McCullar argues that the Steadfast commercial general liability policy of insurance provides coverage for automobiles, albeit in limited form, hence it must also provide UM/UIM coverage. *Selander v. Erie Ins.*, 85 Ohio St.3d 541, 1999-Ohio-287. And since the Steadfast policy did not provide for any UM/UIM coverage, that coverage is implied by law. *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, paragraph two of syllabus.

{¶19} The mention of an automobile in a general liability policy will not be sufficient to bring *Selander* to bear and force UM/UIM coverage. In *Davidson v. Motorists Mut. Ins. Co.*, 91 Ohio St.3d 262, 2001-Ohio-36, the Supreme Court distinguished *Selander* by looking to the type of coverage each policy provided and held some incidental liability coverage for certain motor vehicles not subject to registration and not for use on public highways did not convert the policy into a motor vehicle liability policy for purposes of UM/UIM coverage. See *Hillyer v. State Farm Fire & Cas. Co.*, 97 Ohio St.3d 411, 2002-Ohio-6662, at ¶20, citing 91 Ohio St.3d at 270. Thus, *Hillyer* concluded that a homeowner's policy which excluded liability coverage for injuries arising from

---

argument in its cross-appeal that the court erred by failing to consider whether McCullar's settlement with the tortfeasor destroyed its rights to subrogation. See App.R. 12(A)(1)(c).

the use of motor vehicles, except for a residence-employee exception allowing coverage when an employee is injured in any manner while in the course of employment, was "merely incidental to coverage against liability to the residence employee." Id. at ¶23.

{¶21} The policy terms do not provide coverage for bodily injury or property damage arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or water craft owned or operated by or rented by the insured. An exception exists for "parking an 'auto' on premises owned by, rented to or controlled by the Named Insured or the ways immediately adjoining, provided the auto is not owned by or rented or loaned to any named insured."

{¶22} This court has had the occasion to consider a substantially similar parking provision of a commercial general liability policy and has held that the "'parking exception' provides only incidental coverage for automobiles parked 'on' or 'next to' the premises an insured 'owns' or 'rents' provided the auto is 'not owned, rented, or loaned,' to 'you' or to the 'insured.'" See *Ryan v. Dolin*, Cuyahoga App. No. 81689, 2003-Ohio-2738 at ¶49. See, also, *Ribeiro v. John Doe Insurance Companies*, Cuyahoga App. No. 81396, 2003-Ohio-433; *Mazzocki v. State Farm Fire & Cas. Co.*, Cuyahoga App. No. 81274, 2003-Ohio-745; *Blake v. Midwestern Indemn. Co.*, Tuscarawas App. No. 2002AP060049, 2003-Ohio-2698; *Walker v. Hartford Fire Ins. Co.*, Butler App. No. CA2002-09-219, 2003-Ohio-2545. Because the language of the general commercial liability policy relating to parked autos is so narrow, we find it too remote and insignificant to be considered akin to motor vehicle insurance in a manner contemplated by *Selander*.

{¶23} At oral arugment in this case, questions were raised as to whether a provision insuring employees operating mobile equipment would have been sufficient to establish the presence of motor vehicle insurance, the existence of which would have required an offer of UM/UIM coverage. We have considered the policy's definition of "mobile equipment" and conclude that it did not

create motor vehicle insurance. See *Ribeiro v. John Doe Insurance Companies*, Cuyahoga App. No. 81396, 2003-Ohio-433; *Acree v. CNA Ins. Cos.*, Hamilton App. No. C-020710, 2003-Ohio-3043; *Heidt v. Federal Ins. Co.*, Stark App. No. 2002-CA00314, 2003-Ohio-1785.

{¶25} It follows that the court did not err by granting Steadfast summary judgment on this issue. Having found that no coverage arose by operation of law, we need not consider any arguments relating to whether McCullar was acting in the course and scope of his employment at the time of his accident.

Judgment affirmed.

It is ordered that defendants-appellees/cross-appellants recover of plaintiffs-appellants/cross-appellees their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

                                          MICHAEL J. CORRIGAN
                                          PRESIDING JUDGE

ANNE L. KILBANE, J., and

ANTHONY O. CALABRESE, JR., J., CONCUR.

N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R.22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).