[Cite as *Acree v. CNA Ins. Cos.*, 2003-Ohio-3043.]

OHIO FIRST DISTRICT COURT OF APPEALS

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| KAREN ACREE, Administrator of the Estate of FRANK ACREE, Deceased, | : | APPEAL NO. C-020710 TRIAL NO. A-0200956 |
| Plaintiff-Appellant, | : | *DECISION.* |
| vs. | : | |
| CNA INSURANCE COMPANIES and CONTINENTAL CASUALTY COMPANY, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 13, 2003

*O'Connor, Acciani & Levy* and *Barry D. Levy*, for Appellant,

*Arter & Hadden LLP* and *Ed E. Duncan*, for Appellees.

Note:   We have removed this case from the accelerated calendar.

1

**Mark P. Painter, Judge.**

{¶1} Refreshingly, counsel on both sides of this case, in their briefs and oral arguments, have set forth the issues clearly. They have been thorough in researching and analyzing the law, and candid about the strengths and weaknesses of their positions. They have made our job easier.

{¶2} Plaintiff-appellant Karen Acree is the administrator of the estate of Frank Acree. Frank Acree worked for Sun Chemical Company. He died following an automobile accident with an uninsured motorist. Karen Acree sued CNA Insurance Companies and Continental Casualty Company, seeking uninsured/underinsured motorist ("UM/UIM") coverage under CNA insurance policies issued to Sun Chemical. CNA and Continental successfully moved for summary judgment, which Karen Acree now appeals. The trial court held that the commercial general liability policy in question was not an automobile liability policy. Further, the court concluded that UM/UIM coverage was not available to the Acree estate under a separate commercial automobile liability policy. We affirm.

{¶3} The facts of this case are undisputed. Frank Acree, an employee of Sun Chemical, died from injuries sustained in a serious motor vehicle accident. At the time of the crash, he was driving his personal vehicle and was not performing any duties in the course of his employment with Sun Chemical. Sun Chemical was the named insured of CNA under two relevant policies of liability insurance. The first was a commercial automobile liability policy. The second was a general commercial liability policy. The relevant statutory law governing automobile insurance at the time was R.C. 3937.18, as revised by Am.Sub.H.B. No. 261.[1]

{¶4} Karen Acree sets forth two assignments of error, claiming that the trial court erred by granting CNA and Continental's motion for summary judgment with respect to (1) the commercial automobile policy and (2) the commercial general liability policy. We reject both assignments of error.

{¶5} According to Civ.R. 56(C), summary judgment is proper when (1) no genuine issue as to any material fact remains; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, viewed in favor of the nonmoving party, that reasonable minds can only find against the nonmoving party.[2] We review this case de novo.

Choice of Law

{¶6} The trial court ruled that contract choice-of-law principles indicated that New Jersey law—not Ohio law—applied in this case. This was incorrect.

{¶7} The standard for when to use Ohio law as it is set forth in R.C. 3937.18 is whether the vehicles were "registered and principally garaged in Ohio."[3] Further, the rights created by an insurance contract should be governed by the local law of the principal location of the risks.[4] Courts should also consider the place of contracting; the place of negotiation; the place of performance; the location of the subject matter; and the domicile, residence, nationality, place of incorporation, and place of business of the parties.[5]

{¶8} In the present case, all of Sun Chemical's cars were registered and principally garaged in Ohio.

---

1 See *Ross v. Farmers Ins. Group of Cos.*, 82 Ohio St.3d 281, 288, 1998-Ohio-381, 695 N.E.2d 732.
2 See *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267.
3 See *Henderson v. Lincoln Natl. Specialty Ins. Co.*, 68 Ohio St.3d 303, 304, 1994-Ohio-100, 626 N.E.2d 657.
4 See *Ohayon v. Safeco Ins. Co.*, 91 Ohio St.3d 474, 479, 2001-Ohio-100, 747 N.E.2d 206.
5 Id. at 477.

Because Sun Chemical is an Ohio corporation, the principal location of the risks was also in Ohio. The parties negotiated the contract in New Jersey. But Ohio law applied.

{¶10} Although the trial court's choice-of-law ruling was incorrect, summary judgment in favor of CNA and Continental was still appropriate under Ohio law.

Who was an Insured?

{¶11} The first assignment of error relates to the commercial general automobile policy. The threshold issue under any insurance policy is whether the claimant is an insured.6 While R.C. 3937.18 did mandate UM/UIM coverage, it did not prohibit the parties to an insurance contract from defining who was an insured under the policy.7 The policy in question defined an insured as "You for any covered 'auto'" and "Anyone else while using with your permission a covered 'auto' you own, hire or borrow * * * ." Under the heading "Employees as Insureds," the policy added, "Any employee of yours is an 'insured' while using a covered 'auto' you don't own, hire or borrow in your business or your personal affairs." The policy defined "you" as Sun Chemical as a corporation. Sun Chemical effectively limited its insurance coverage to individuals who were using "covered autos." Frank Acree was driving his personal vehicle at the time of the accident. There were no claims that he was performing any task in association with his employment at Sun Chemical. Thus, Frank Acree was not covered by the commercial general automobile policy.

{¶12} In *Pugh v. Erie Ins. Exchange*,8 the court held that a restriction that employees were covered only while acting within the scope of their employment was enforceable. Thus, the victim was not insured under the policy. Other courts have upheld similar restrictions.9

{¶13} Unlike *Scott-Pontzer* and *Roper v. State Auto Mut. Ins. Co.*,10 there was no ambiguous language in this case as it related to the claim at hand. In both of those cases, the court found that coverage that was extended only to a corporation was meaningless because a corporation cannot operate a vehicle.11 The courts further reasoned that, because the limitations were meaningless, the insurance coverage necessarily extended to the employees. But neither of those policies had a requirement that the employees be acting within the scope of their duties and driving "covered autos" at the time of an accident. The policy here had that limitation. Therefore, the language of the policy was not ambiguous and did not grant coverage to employees when they were driving their personal vehicles on their own personal business. Sun Chemical did not insure Frank Acree's personal vehicle as a covered auto. Thus, Frank Acree was not insured under the CNA policy at the time of the accident. This court has previously noted the limited intent of the legislature in passing R.C. 3937.18: "Section (L) of R.C. 3937.18 represented an attempt by the legislature to narrow the scope of policies that had to include underinsured- and uninsured- motorist coverage in response to the Ohio Supreme Court's interpretation of previous versions of R.C. 3937.18."12

{¶14} Extending the UM/UIM coverage in a limited policy to all the employees of a corporation goes against the limited intent of the legislature in passing R.C. 3937.18. Once we determine that the complaining party was not an insured under the relevant policy, "our inquiry is at an end."13 Because Frank Acree was not an insured under the commercial automobile policy, there could be no claim under that policy. The first assignment of error is without merit.

The Commercial General Liability Policy

{¶15} Acree's second assignment of error concerns the commercial general liability policy. Acree contends that this policy was an automobile liability policy within the meaning of R.C. 3937.18. The trial court properly held that the general liability policy was not an automobile liability policy.

{¶16} An "automobile liability or motor vehicle liability policy of insurance" is "any policy of insurance

---

6 See *Scott-Ponzer v. Liberty Mutual Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 662, 710 N.E.2d 1116.
7 See *Holliman v. Allstate Ins. Co.*, 86 Ohio St.3d 414, 416-417, 1999-Ohio-116, 715 N.E.2d 532.
8 5th Dist. No. 2002CA00134, 2002-Ohio-5929.
9 See *Rall v. Johnson*, 3rd Dist. No. 16-02-13, 2003-Ohio-1373; *Miller v. The Hartford*, 118 Ohio Misc.2d 211, 2001-Ohio-4371, 770 N.E.2d 656.
10 1st Dist. No. C-010117, 2002-Ohio-3283.
11 *Scott-Ponzer v. Liberty Mutual Fire Ins. Co.*, supra, at 664.
12 *Bowling v. St. Paul Fire & Marine Ins. Co.*, 149 Ohio App.3d 290, 293, 2002-Ohio-4933, 776 N.E.2d 1175.
13 *Scott-Ponzer v. Liberty Mutual Fire Ins. Co.*, supra, at 662.

**OHIO FIRST DISTRICT COURT OF APPEALS**

that serves as proof of financial responsibility * * * for owners or operators of the motor vehicle specifically identified in the policy of insurance."14

{¶18}   The policy in question here contained two relevant provisions. First, the policy covered "parking autos on or on the ways next to the premises you own or rent * * * ." Second, the policy covered motor vehicle operation "with respect to mobile equipment registered in your name under any motor vehicle registration law * * * ." But neither of these forms of coverage met the statutory definition of an automobile liability policy.

{¶19}   Courts have held that policies similar to the one here were not automobile liability policies. In *Blake v. First Fin. Ins. Co.*, 15 the court determined that the "parking autos" and "mobile equipment" coverage in the policy was merely incidental and did not convert the policy into an automobile liability or motor vehicle policy. Thus, the commercial general liability policy was not an "automobile liability or motor vehicle liability policy of insurance" within R.C. 3937.18, and UIM coverage was not required.

{¶20}   Similarly, in *Ryan v. Smith*, 16 the policy excluded coverage for motor vehicle liability except for "parking autos" and certain "mobile equipment." The injured person argued that the policy was a motor vehicle policy since it provided coverage for "parking autos" and "mobile equipment," and so UM/UIM coverage arose by operation of law. But no covered vehicles were listed in the policy. Where there are no specifically identified vehicles, R.C. 3937.18 does not impose UM/UIM coverage.

{¶21}   Because the commercial general liability policy in this case did not amount to an automobile liability policy, there was no UM/UIM coverage requirement under this policy. Thus, there was no genuine issue as to any material fact, and summary judgment was appropriately awarded in favor of the insurers. All other issues are rendered moot by our holding.

{¶22}   Accordingly, the judgment of the trial court is affirmed.

                                                                                    Judgment affirmed.

**Sundermann, P.J.,** and **Hildebrandt, J.,** concur.

*Please Note:*
The court has recorded its own entry on the date of the release of this decision.

---

14 See R.C. 3937.18(L)(1) as amended by Am.Sub.H.B. No. 261.
15 7th Dist. No. 2002-CO-20, 2003-Ohio-1433.
16 3rd Dist. No. 3-02-17, 2002-Ohio-5581.

4