[Cite as *Ryan v. Smith*, 2002-Ohio-5581.]

Case No. 3-02-17

IN THE COURT OF APPEALS
THIRD APPELLATE DISTRICT

**CRAWFORD COUNTY**

ZANE M. RYAN

    PLAINTIFF-APPELLANT                       CASE NO. 3-02-17

    v.

JOSHUA L. SMITH, ET AL.                   O P I N I O N

    DEFENDANTS-APPELLEES

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas Court

**JUDGMENT:**      **Judgment Affirmed**

**DATE OF JUDGMENT ENTRY:**     **October 18, 2002**

**ATTORNEYS:**

                 **TODD O. ROSENBERG**
                 **Attorney at Law**
                 **Reg. #0037401**
                 **6110 Parkland Boulevard**
                 **Mayfield Heights, Ohio 44124**
                               For Appellant

                 **CONSTANCE A. SNYDER**
                 **Attorney at Law**
                 **Reg. #0006336**
                 **1119 Adams Street, Second Floor**
                 **Toledo, Ohio 43624**
                 **For Appellee**

**WALTERS, J.**

    **{¶1}** Plaintiff-Appellant, Zane Ryan ("Appellant"), appeals from an entry of summary judgment wherein the Crawford County Common Pleas Court determined that he was not entitled to uninsured/underinsured motorist ("UM/UIM") coverage under an insurance policy issued by Defendant-

Case No. 3-02-17

Appellee, The Cincinnati Insurance Company ("CIC"), to Appellant doing business as Ryan Mowing Company. Because the "parking auto" and "mobile equipment" exceptions to Appellant's commercial general liability policy do not "specifically identify" any motor vehicles, as contemplated by R.C. 3937.18(L), the policy is not an automobile or motor vehicle policy of insurance, and, thus, CIC was not required to offer UM/UIM coverage as part of the policy. Accordingly, such coverage does not arise by operation of law.

{¶3}    Facts and procedural posture pertinent to the issues raised on appeal are as follows. On March 19, 1999, Appellant was injured when his motorcycle collided with an automobile. At the time of the accident, Appellant carried a commercial general liability policy of insurance issued by CIC to his business, Ryan Mowing Company, on May 14, 1998. The policy excluded coverage for motor vehicle liability except for limited coverage for "parking autos" and certain "mobile equipment." The accident did not occur within the scope of Appellant's employment.

{¶4}    On March 15, 2001, Appellant filed a complaint in the Crawford County Common Pleas Court, seeking a declaratory judgment that he was entitled to UM/UIM coverage under the CIC policy by operation of law. On February 13, 2002, CIC filed a motion for summary judgment, asserting that the policy of insurance issued to Appellant does not meet the definition of an automobile liability or motor vehicle policy of insurance under R.C. 3937.18(L)(1). Appellant submitted a brief in opposition and a competing motion for summary judgment, claiming that the coverage afforded to "parking autos" and "mobile equipment" required CIC to offer UM/UIM coverage, and its failure to do so imposed UM/UIM coverage by operation of law.

{¶5}    On April 11, 2002, the trial court denied Appellant's motion and granted summary judgment in favor of CIC. The court determined that the language used to define the exceptions to coverage was clear; furthermore, none of the covered equipment was intended for use on a public highway, and the covered equipment is to be used in the course of business operation. Therefore, the trial court found that the coverage provided in Appellant's policy did not render it an automobile liability policy and, thus, no

2

Case No. 3-02-17

UM/UIM coverage existed by operation of law.

{¶7}    From this decision, Appellant appeals, asserting the following single assignment of error for our review: "The court of common pleas erred in holding that Defendant-Appellee CIC's commercial general liability policy, which provides motor vehicle coverage for parking an auto and for transporting mobile equipment, is not a motor vehicle liability policy of insurance subject to the requirements of R.C. 3937.18."

### Standard of Review

{¶8}    Because the issues herein relate to the trial court's decision to grant CIC's motion for summary judgment, we begin by establishing this Court's standard of review.

{¶9}    A court may not grant a motion for summary judgment unless the record demonstrates: 1) that no genuine issue of material fact remains to be litigated; 2) that the moving party is entitled to judgment as a matter of law, and; 3) that, after construing the evidence most strongly in the nonmovant's favor, reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.1  In ruling on a summary judgment motion, the trial court is not permitted to weigh evidence or choose among reasonable inferences; rather, the court must evaluate evidence, taking all permissible inferences and resolving questions of credibility in favor of the nonmovant.2  In addition, appellate review of summary judgment determinations is conducted on a de novo basis;3 therefore, this Court considers the motion independently and without deference to the trial court's findings.4

### Applicable Statutory Law

{¶10}   For his assignment of error, Appellant contends that the commercial general liability policy is a motor vehicle policy by virtue of the coverage it provides for "parking autos" and "mobile equipment;" therefore, Appellant concludes that UM/UIM coverage arises by operation of law in an amount equal to the policy's liability limits.  For the purpose of determining the scope of coverage for such a claim, we must

---

1 Civ.R. 56(C); *Horton v. Harwick Chemical Corp.* (1995), 73 Ohio St.3d 679, 686-87.
2 *Jacobs v. Racevskis* (1995), 105 Ohio App.3d 1, 7.
3 *Griner v. Minster Bd. of Education* (1998), 128 Ohio App.3d 425, 430.
4 *J.A. Industries, Inc. v. All American Plastics, Inc.* (1999), 133 Ohio App.3d 76, 82.

3

Case No. 3-02-17

first determine the applicable statutory law.

{¶12}  Pursuant to the Ohio Supreme Court's decision in *Ross v. Farmer's Insurance Group of Companies*, "the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties."5  Herein, the effective date of the policy at issue is May 14, 1998.  Accordingly, the H.B. 261 amendments to R.C. 3937.18, effective September 3, 1997, control the rights and obligations of the parties.

{¶13}  R.C. 3937.18(L) provides, in pertinent part, that an "'automobile liability or motor vehicle liability policy of insurance' means * * * the following:  (1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance[.]"  Accordingly, to constitute an automobile liability or motor vehicle liability policy of insurance herein the policy must serve as proof of financial responsibility for specifically identified motor vehicles.  R.C. 4509.01(K) defines "proof of financial responsibility" as "proof of ability to respond in damages [for specified amounts] for liability, on account of accidents occurring subsequent to the effective date of such proof, arising out of ownership, maintenance, or use of a motor vehicle[.]"

*Analysis*

{¶14}  We find this case similar to our recent decision in *Reffitt v. State Automobile Mutual Insurance Company*.6  Therein, following the Second and Sixth District Courts of Appeals, this Court determined that House Bill 261 significantly narrowed the scope of insurance policies that must include UM/UIM coverage as compared to the interpretation of previous versions of the statute.7  Specifically, we indicated that the "specifically identified" language contained in R.C. 3937.18(L)(1) requires that motor vehicles be

---

5 *Ross v. Farmer's Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, syllabus.
6 *Reffitt v. State Auto. Mut. Ins. Co.* (Sept. 19, 2002), Allen App. No. 1-02-38, 2002-Ohio-4885.
7 *Id.* at ¶ 16.
8 *Id.*, quoting *Burkholder ex rel. Estate of Burkholder v. German Mut. Ins. Co.* (Mar. 15, 2002), Lucas App. No. L-01-1413, appeal allowed by (2002), 96 Ohio St.3d 1455, 2002-Ohio-3819, citing *Pickett v. Ohio Farmers Ins. Co.* (Jan. 14, 2002), Stark App. Nos. 2001CA00227, 2001CA00236; *Davis v. State*

Case No. 3-02-17

"'precisely, particularly and individually identified in order to meet the statutory definition.'"8  In this case, no vehicles are listed as covered autos anywhere in the policy.  Therefore, the narrow exceptions for "parking autos" and "mobile equipment", without any specifically identified vehicles, will not act to impose UM/UIM coverage by operation of law.

{¶16}  This outcome further comports with the provisions of the CIC policy issued to Appellant.  The exclusionary language in the policy makes clear that it is not designed to provide proof of financial responsibility for any automobile, which would include Appellant's motorcycle as per the definition of "auto" within the policy.  Moreover, the "parking auto" exception only covers parking automobiles on or next to the insured's property if those automobiles are not owned by the insured, which is not applicable to the facts here.9  In addition, "mobile equipment", as defined in the policy, refers to a limited class of equipment and vehicles not primarily designed to transport people on public roads; thus, such coverage does not convert the policy to a motor vehicle liability policy requiring UM/UIM coverage to be offered.10  As such, UM/UIM coverage did not arise by operation of law.

{¶17}  For the foregoing reasons, we find Appellant's contentions to be without merit, and his sole assignment of error is hereby overruled.

{¶18}  Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

**SHAW, P.J. and HADLEY, J., concur.**

---

*Farm Fire & Cas. Co.* (Dec. 18, 2001), Franklin App. No. 00AP-1458; *Jones v. Nationwide Mut. Ins. Co.* (July 21, 2001), Stark App. No. 2000CA00329, discretionary appeal allowed, (2001), 93 Ohio St.3d 1496. 9 See *Uzhca v. Derham* (Apr. 5, 2002), Montgomery App. No. 19106, 2002-Ohio-1814; *Devore v. Richmond* (Aug. 2, 2002), Wood App. No. WD-01-044, 2002-Ohio-3965, at ¶ 45-46; *Carmona v. Blankenship* (Sept. 24, 2002), Franklin App. No. 02AP-14, 2002-Ohio-5003, at ¶55-56. 10 See *Lane v. State Auto Ins. Co.* (Sept. 27, 2002), Miami App. No. 2002-CA-10, 2002-Ohio-5128, at ¶ 21-27; *Pickett, supra.* Cf. *Davidson v. Motorists Mut. Ins. Co.* (2001), 91 Ohio St.3d 262, 267-68, 2001-Ohio-36; *Bowling v. St. Paul Fire & Marine Ins. Co.* (Sept. 20, 2002), Hamilton App. No. C-020089, 2002-Ohio-4933, at ¶ 16.