[Cite as *Hamilton v. Ohio Hosp. Ins. Co.*, 2003-Ohio-1762.]

IN THE COURT OF APPEALS FOR DARKE COUNTY, OHIO

ELIZABETH MARIE HAMILTON       :

    Plaintiff-Appellant       :       C.A. CASE NO. 1592

v.       :       T.C. NO. 01 CV 59117

OHIO HOSPITAL INSURANCE CO.       :       (Civil Appeal from
        Common Pleas Court)
    Defendant-Appellee       :

:

. . . . . . . . . .

**O P I N I O N**

Rendered on the __4th__ day of __April__, 2003.

. . . . . . . . . .

CRAIG A. DYNES, Atty. Reg. No. 0000724, 2849 Alt. State Route 49 North, Suite B, P. O. Box 250, Arcanum, Ohio 45304

and

PHILLIP R. GARBIG, Atty. Reg. No. 0025129, 2849 Alt. State Route 49 North, Suite A, P.O. Box 100, Arcanum, Ohio 45304
    Attorneys for Plaintiff-Appellant

KEVIN C. CONNELL, Atty. Reg. No. 0063817, One Dayton Centre, 1 South Main Street, Suite 1800, Dayton, Ohio 45402-2017
    Attorney for Defendant-Appellee

. . . . . . . . . .

WOLFF, J.

2

{¶1}   Elizabeth Ann Marie Hamilton ("Elizabeth") appeals from a judgment of the Darke County Court of Common Pleas, which granted summary judgment in favor of Ohio Hospital Insurance Company ("Ohio Hospital").

{¶2}   On May 26, 1990, Elizabeth was involved in a single-car automobile acciden while she was a passenger in a car driven by Thomas G. Jones. The automobile was owned by Jones. Jones was insured by State Farm Insurance Company under a policy with a liability limit of $100,000 per person.

{¶3}   At the time of the accident, Elizabeth's mother, Linda Hamilton ("Mrs. Hamilton" was employed by Wayne Hospital Company ("Wayne Hospital"). Ohio Hospital insured Wayne Hospital pursuant to a commercial general liability policy that provided motor vehicle liability coverage. The policy had a liability limit of $1 million per accident. This policy did not provide uninsured motorist coverage, and no such coverage was offered to Wayne Hospital at the time it purchased the policy.

{¶4}   Elizabeth filed a complaint against Ohio Hospital on June 25, 2001, arguing tha she was an insured under the Ohio Hospital policy and that uninsured motorist coverage should be provided by operation of law under R.C. 3937.18. On April 19, 2002, both Ohio Hospital and Elizabeth filed motions for summary judgment. The parties filed agreed stipulations regarding the above facts. Both parties filed memoranda in response and reply memoranda. On August 13, 2002, the trial court granted Ohio Hospital's motion and denied Elizabeth's motion.

{¶5}   Elizabeth appeals, raising two assignments of error, which we will discuss

3

together.

{¶7} "I. THE TRIAL COURT ERRED IN FINDING THAT THE IMPLIED UM/UIM COVERAGE UNDER THE SUBJECT COMMERCIAL GENERAL LIABILITY POLICY APPLIED ONLY TO EMPLOYEES OPERATING A MOTOR VEHICLE IN THE COURSE OF THEIR EMPLOYMENT."

{¶8} "II. THE TRIAL COURT ERRED IN FINDING THAT THE PLAINTIFF ELIZABETH ANN MARIE HAMILTON, WAS NOT AN INSURED FOR UM/UIM COVERAGE IMPRESSED UPON THE POLICY BY OPERATION OF LAW."

{¶9} Elizabeth argues that, pursuant to *Scott-Pontzer v. Liberty Mutual Fire Ins. Co* (1999), 85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116, and *Ezawa v. Yasuda Fire & Marine Ins. Co.* (1999), 86 Ohio St.3d 557, 1999-Ohio-124, 715 N.E.2d 1142, she is an insured under the policy issued by Ohio Hospital to Wayne Hospital. Ohio Hospital argues, and the trial court concluded, that Elizabeth is not an insured because the policy only provides coverage for certain employees acting in the scope of their employment and because the language of the policy does not extend the definition of an insured to family members. Ohio Hospital also argues that Elizabeth breached the notice requirement of the insurance contract by settling with the tortfeasor prior to notifying Ohio Hospital of her claim.

{¶10} Our review of the trial court's decision to grant summary judgment is de novo See *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the

4

moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. See *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 1997-Ohio-221, 677 N.E.2d 343; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 65-66, 375 N.E.2d 46.

{¶12} Ohio Hospital appears to concede that uninsured motorist coverage exists by operation of law pursuant to R.C. 3937.18. Therefore, the only issue before us is whether Elizabeth is an insured under the policy and therefore entitled to such coverage. Ohio Hospital argues that Elizabeth is not covered because the definition of insured under the policy is distinguishable from the language interpreted by the supreme court in *Scott-Pontzer*. In *Scott-Pontzer*, the supreme court concluded that the following definition of "insured" included employees of a corporate named insured:

{¶13} "Who Is An Insured

{¶14} "1. You.

{¶15} "2. If you are an individual, any family member.

{¶16} "3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.

{¶17} "4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured." *Scott-Pontzer*, 85 Ohio St.3d at 663.

5

{¶18} In interpreting the above policy language, the supreme court concluded tha "you" could be interpreted to include employees of the corporation: "[I]t would be reasonable to conclude that 'you,' while referring to [the corporation], also includes [the corporation's] employees, since a corporation can act only by and through real live persons. It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle. Here, naming the corporation as the insured is meaningless unless the coverage extends to some person or persons--including the corporation's employees." Id. at 664. Reviewing identical policy language, the supreme court concluded that coverage extended to family members of an insured in *Ezawa*, supra.

{¶19} In the case sub judice, we have the following definition of an insured:

{¶20} "**II. Persons Insured**

{¶21} "Each of the following is an insured under this insurance to the extent set forth below:

{¶22} "(a) if the named insured is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the named insured with respect to the conduct of such a business;

{¶23} "(b) if the named insured is designated in the declarations as a partnership o joint venture, the partnership or joint venture so designated and any partner or member thereof, but only with respect to his liability as such;

{¶24} "(c) if the named insured is designated in the declarations as other than ar

6

individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting in the scope of his duties as such;

{¶26} "(d) any person (other than an employee of the named insured), or organization while acting as real estate manager for the named insured; and

{¶27} "(e) with respect to the operation, for the purpose of locomotion upon a public highway, of mobile equipment registered under any motor vehicle registration law,

{¶28} "(i) an employee of the named insured while operating any such equipment in the course of his employment, and

{¶29} "(ii) any other person while operating with the permission of the named insured any such equipment registered in the name of the named insured and any person legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization;

{¶30} "* * *."

{¶31} The named insured listed on the declarations page is Wayne Hospital. Ohio Hospital argues that Elizabeth is not an insured under the policy because (1) the language of the policy clearly limits the persons who are insured and further requires that they be acting in the scope of employment and (2) the policy, unlike that in *Scott-Pontzer*, does not extend coverage to family members of insureds. We are not convinced that Mrs. Hamilton would be an insured under this policy. However, we need not reach that issue because we agree with Ohio Hospital that the policy did not provide

7

coverage to family members of insureds.

{¶33} Elizabeth argues that *Scott-Pontzer* stands for the proposition that employees of a corporation are always insureds for the purpose of uninsured motorist coverage. She further argues that *Ezawa* stands for the proposition that family members of employees are always included as insureds. She is mistaken in these arguments. The court in *Scott-Pontzer* interpreted the definition of insured in the insurance policy at issue. Interpreting that definition according to rules governing the interpretation of insurance contracts, the court concluded that Pontzer was an insured under the policy. We have a different insurance policy before us, and we must interpret the language of that policy. The Ohio Hospital policy does not extend coverage to family members of insureds.

{¶34} We have previously discussed our interpretation of the supreme court's decision in *Ezawa*: "We do not read *Scott-Pontzer* and *Ezawa* as including family members in the definition of 'you' where the policy itself does not expressly include family members in its definition. Rather, we read *Ezawa* as applying the definition of an insured, which includes family members, in the context of *Scott-Pontzer*'s definition of 'you.'" *Agudo de Uzhca v. Derham*, Montgomery App. No. 19106, 2002-Ohio-1814. The policy at issue in this case does not include family members in its definition of insured, and there is no legal basis for doing so absent a provision in the policy. Elizabeth's reading of *Ezawa* as holding that family members of employees are always insureds for the purpose of uninsured motorist coverage is erroneous.

{¶35} Therefore, we conclude that Elizabeth is not an insured under the Ohio Hospital policy. Accordingly, she is not entitled to uninsured motorist coverage under the policy,

8

and the trial court did not err in so holding. Having concluded that Elizabeth is not entitled to coverage under the policy, we need not reach the issue of whether she breached the policy by not providing notice to Ohio Hospital before settling with the tortfeasor.

{¶37} The first and second assignments of error are overruled.

{¶38} The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, P.J. and BROGAN, J., concur.

Copies mailed to:

Craig A. Dynes
Phillip R. Garbig
Kevin C. Connell
Hon. Jonathan P. Hein