[Cite as *Piciorea v. Genesis Ins. Co.*, 2003-Ohio-3955.]

COURT OF APPEALS OF OHIO, EIGHTH DISTRICT

COUNTY OF CUYAHOGA

NO. 82097

ANISIA PICIOREA, ET AL.,

JOURNAL ENTRY

AND

OPINION

Plaintiffs-appellants

vs.

GENESIS INSURANCE CO.,

Defendant-appellee

| | |
|---|---|
| DATE OF ANNOUNCEMENT OF DECISION: | JULY 24, 2003 |
| CHARACTER OF PROCEEDING: | Civil appeal from Common Pleas Court, Case No. CV-451362 |
| JUDGMENT: | Affirmed. |
| DATE OF JOURNALIZATION: | |

APPEARANCES:

For plaintiff-appellant:

STEPHEN S. VANEK, ESQ.
Friedman, Domiano & Smith co.
1370 Ontario Street
600 Standard Building
Cleveland, Ohio 44113-1701

For defendant-appellee:

GARY R. WINTERS, ESQ.
IAN R. SMITH, ESQ.
McCaslin, Imbus & McCaslin
900 Provident Bank Building
632 Vine Street
Cincinnati, Ohio 45202-2442

KARPINSKI, J.:

{¶1} Plaintiffs-appellants, Anisia and Sorin Piciorea (the "Picioreas"), appeal the trial court granting defendant-appellee, Genesis Insurance Company's ("Genesis") motion for summary judgment. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On November 1, 1998, Anisia Piciorea was assisting others who had been injured in a car accident. While Anisia was outside her vehicle, she was struck by another vehicle driven by Christopher Poulos. Anisia settled with Poulos' insurer for his policy limits. Those limits, however, were insufficient to fully compensate Anisia for her injuries.

{¶3} At the time of the accident, Anisia's husband, Sorin, was employed by Giant Eagle, Inc., which carried a business auto policy issued by Genesis.[1] On October 22, 2001, the Picioreas filed a declaratory judgment action seeking underinsured/uninsured ("UM") coverage under the Genesis policy[2] pursuant to the authority of *Scott-Pontzer v. Liberty Mut. Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116. Sorin Piciorea asserted a claim for loss of consortium due to his wife's injuries.

{¶4} The Picioreas and Genesis filed motions for summary judgment. The trial court denied the Picioreas' motion and granted Genesis'. In its journal entry, the court, in part, stated as follows: "*** as a result of the invalid rejection of UM/UIM coverage, the court finds that the Genesis policy contains UM/UIM coverage by operation of law."

{¶5} The court, however, limited this coverage: "But, the second part of the court's analysis determines there is no evidence that the Genesis policy extends coverage to family members. Therefore, this court finds that Plaintiff is not an insured under the Genesis Business Auto Liability Policy."

{¶6} The Picioreas timely appeal the decision of the trial court and present two assignments of error.

I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE GENESIS INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT BY HOLDING THAT THE UM/UIM COVERAGE IMPLIED BY LAW ON THE GENESIS POLICY DID NOT EXTEND TO FAMILY MEMBERS.

---

[1] The parties agree that the policy, dated July 1, 1997, was in effect on the date of Anisia's accident.

[2] In their complaint, the Picioreas also named American Employers Insurance Company as a defendant. American Employers insured Anisia's employer at the time of the accident. The Picioreas also sought UM coverage under the American Employers policy. After American Employers' motion for summary judgment was denied by the trial court, it settled with the Picioreas and was dismissed with prejudice from the case. See Journal Entry, dated Nov. 5, 2002.

{¶7} The Picioreas argue that because the trial court first determined there is UM coverage under Genesis' policy by operation of law,[3] it erred in its second determination, namely, that Anisia is not an insured because there is no UM coverage for family members.

{¶8} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201; see, also, Civ.R. 56(C).

{¶9} Under Ohio law, "an insurance policy is a contract, and *** the relationship between the insurer and the insured is purely contractual in nature." *Nationwide Mut. Ins. Co. v. Marsh* (1984), 15 Ohio St.3d 107, 109, 472 N.E.2d 1061. The interpretation of an insurance policy is a matter of law. *Ambrose v. State Farm Fire & Cas.* (1990), 70 Ohio App.3d 797, 799, 592 N.E.2d 868. As long as the contract is clear and unambiguous, "the court need not concern itself with rules of construction or go beyond the plain language of the agreement to determine the rights and obligations of the parties." *Seringetti Constr. Co. v. Cincinnati* (1988), 51 Ohio App.3d 1, 4, 553 N.E.2d 1371.

{¶10} A trial court may not "create a new contract by finding an intent not expressed in the clear language employed by the parties." *Fireman's Fund Ins. Co. v. Mitchell-Peterson, Inc.* (1989), 63 Ohio App.3d 319, 325, 578 N.E.2d 851.

{¶11} The Picioreas overlook a critical fact which is fatal to their first argument. Simply because the trial court determined the Genesis policy must offer UM coverage by operation of law, that does not mean it must offer such coverage to Anisia. A fundamental premise of any insurance policy is that it provides insurance coverage only to those persons who qualify as insureds. The Ohio Supreme court acknowledged this basic proposition in *Scott-Pontzer.*

---

[3] Under R.C. 3937.18, as it existed at the time of the accident, an insurer's failure to either provide UM coverage or obtain a valid written rejection of UM coverage results in the insured acquiring UM coverage by operation of law. See *Gyori v. Coca-Cola Bottling Group* (1996), 76 Ohio St.3d 565, 669 N.E.2d 824, paragraphs one and two of the syllabus. Since 1998, R.C. 3937.18 has been amended twice. 2000 Am.Sub.S.B. No. 267, effective September 21, 2000, and 2001 Am.Sub.S.B. No. 97, effective October 31, 2001. Neither amendment is applicable in this case.

{¶12}   In *Scott-Pontzer*, Christopher Pontzer was an employee of Superior Dairy Inc., when he was killed in a motor vehicle accident. Because Superior Dairy Inc.'s insurance policy ambiguously defined an insured as "You", the Court determined that "You" could refer only to persons, not the corporation. Accordingly, "You" had to mean the persons who comprised the corporation, namely, its employees and therefore Christopher Pontzer.

{¶13}   In the case at bar, in order for Anisia to qualify for the coverage implicit in the Genesis policy, she must, as Christopher Pontzer did, qualify as an insured under that policy. Unlike the policy in Scott-Pontzer, however, Genesis' policy does not define an insured simply as "You." The Genesis policy defines an "insured" as "you for any covered 'auto.'" Unlike the policy in *Scott-Pontzer,* Genesis' policy expressly adds to its definition of an insured. One is insured under the Genesis policy only when a covered auto is in use.

{¶14}   Here, Anisia was not using a covered auto at the time of the accident. In fact, she was not even in an auto; she was a pedestrian when she was struck by Poulos' vehicle. On this basis alone, Anisia is not an insured under the Genesis policy.

{¶15}   Even if Anisia could overcome the covered auto problem, she would still not qualify as an insured under the policy, because it does not provide coverage to family members of employees. Absent the crucial "family member" language, Anisia, even as Sorin's spouse, does not qualify as an insured. *Edmondson v. Premier Industrial Corp.,* Cuyahoga App. No. 81132, 2002-Ohio-5573 citing *Allen v. Johnson*, Wayne App. No. 01 CA0047, 2002-Ohio-3404 and *Devore v. Richmond*, Wood App. No. WD-01-044, 2002-Ohio-3965; see *Pers. Serv. Ins. Co. v. Werstler*, Stark App. Nos. 2002CA00232 and 2002CA00250, 2003-Ohio-932; *Walton v. Continental Cas. Co.,* Holmes App. No. 02CA002, 2002-Ohio-3831.

{¶16}   For the foregoing reasons, Anisia Piciorea is not an "insured" under Genesis' policy. There is no genuine issue of material fact, and reasonable minds can only conclude that Genesis is entitled to judgment as a matter of law. Appellants' first assignment of error is overruled. Accordingly, we affirm the judgment of the trial court.

> II.   THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE GENESIS INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AS TO SORIN PICIOREA, AS SORIN PICIOREA WAS THE EMPLOYEE-INSURED, AND HAD A PROPERLY PLED LOSS OF CONSORTIUM CLAIM AS A RESULT OF THE INJURY TO HIS WIFE.

{¶17}   The Picioreas maintain that Sorin's claim for his wife's loss of consortium because of the accident is viable and should not have been dismissed. We disagree.

{¶18}   A loss of consortium claim is a derivative claim. As such, it cannot survive if the underlying and primary claim fails. *Tourlakis v. Beverage Distributors., Inc.*, Cuyahoga App. No. 81222, 2002-Ohio-7252; see also,

*Carruth v. Erie Insurance Group,* (Sept. 21, 2000), Cuyahoga App. No. 77161.

{¶20}    In the case at bar, for the reasons we have already explained, there is no primary claim. Therefore, Anisia's underlying claim for UM coverage fails. Accordingly, the trial court did not err in granting summary judgment to Genesis on this claim as well. The second assignment of error is overruled.

Judgment accordingly.

It is ordered that appellee recover of appellants its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


ANN DYKE, P.J.            AND

COLLEEN CONWAY COONEY, J., CONCUR.


                                                                DIANE KARPINSKI
                                                                JUDGE


N.B.    This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).