[Cite as *Kearney v. Valsi Cleaners*, 2003-Ohio-3506.]

| | | |
|---|---|---|
| STATE OF OHIO )<br>)ss:<br>COUNTY OF MEDINA ) | | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |

JOANN KEARNEY

    Appellant

    v.

VALSI CLEANERS, et al.

    Appellees

C.A. No.    02CA0111-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    02CIV0222

decision and journal entry

Dated: July 2, 2003
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:

SLABY, Presiding Judge.

{¶1} Appellant, Joann Kearney, appeals from the judgment of the Medina County Court of Common Pleas that granted the motion for summary judgment of Appellee, Westfield Insurance Company. We affirm.

{¶2} Appellant brought the present action seeking a declaration that she is entitled to underinsured motorist ("UIM") coverage under either a commercial general liability policy, an automobile insurance policy, or an umbrella policy issued by Appellee. Thereafter, both Appellant and Appellee filed separate motions for summary judgment. A magistrate granted Appellee's motion for summary judgment, but denied Appellant's motion. The trial court later adopted and affirmed the magistrate's decision, thereby granting Appellee's motion and denying Appellant's motion. Appellant appeals from the decision of the trial court granting Appellee's motion for summary judgment and raises two assignments of error for review. As these assignments of error present similar issues of law and fact, we will address them together.
assignment of error i

"The decision of the trial court in the instant matter contravenes the holding of the Ohio Supreme Court in *Ferrando v. Auto-Owners* [*Mutual Insurance Company*], *** and it erred when it failed to inquire as to whether the alleged late notice and alleged failure to protect [Appellee's] subrogation rights resulted in prejudice to Appellee ***."
assignment of error ii

"The trial court erred by failing to declare the parties rights [and] obligations with regard to [Appellee's] Umbrella Policy, number CWP 3 541 098, which was part of the declaratory judgment action below, and by failing to find that [A]ppellant was entitled to [underinsured] motorist benefits under said policy."

{¶3} In her first assignment of error, Appellant avers that the trial court erroneously granted summary judgment in favor of Appellee. Specifically, Appellant avers that the trial court erroneously determined that she failed to provide notice within a reasonable period of time in light of the surrounding facts and circumstances. Further, Appellant avers that the trial court did not comply with *Ferrando v. Auto-Owners Mut. Ins. Co.*, 98 Ohio St.3d 186, 2002-Ohio-7217, when it did not inquire as to whether Appellee suffered prejudice as a result of her failure to provide reasonable notice. In her second assignment of error, Appellant contends that she is entitled to UIM coverage under the umbrella policy issued by Appellee. For the reasons stated below, we overrule Appellant's assignments of error.

{¶4} Pursuant to Civ.R. 56(C), summary judgment is appropriate when: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327. To succeed on a summary judgment motion, the movant "bears the initial burden of *demonstrating* that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard, thereby employing the same standard used by the trial court. See *Klingshirn v. Westview Concrete Corp.* (1996), 113 Ohio App.3d 178, 180.

{¶5} This case involves an alleged breach of a prompt-notice condition. The Ohio Supreme Court developed an analysis involved for this type of condition. See *Ferrando v. Auto-Owners Mut. Ins. Co.*, 98

Ohio St.3d 186, 2002-Ohio-7217, at ¶89-90.

{¶7} The Ohio Supreme Court has held that "when an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice." Id. at paragraph one of the syllabus. Further "[a]n insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary." Id. See, also, *Ruby v. Midwestern Indemn. Co.* (1988), 40 Ohio St.3d 159, 161. Accordingly, the determination as to whether a breach of the prompt-notice provision relieves the insurer of its obligation to provide UIM coverage involves a two-step process. *Ferrando* at ¶89. The court must first determine whether the insurer did not receive reasonable notice, thereby resulting in a breach of the provision. Id. at ¶90. "A provision in an insurance policy requiring 'prompt' notice to the insurer requires notice within a reasonable time in light of all the surrounding facts and circumstances." *Ruby*, 40 Ohio St.3d 159 at syllabus.

{¶8} If the court has determined that a breach of the prompt-notice provision occurred, it must then determine whether the insurer suffered prejudice such that UIM coverage must be forfeited. *Ferrando* at ¶89. A presumption arises that the unreasonable delay was prejudicial to the insurer. Id. at ¶90; *Ruby*, 40 Ohio St.3d at 161. Nevertheless, this presumption may be rebutted by the insured with evidence demonstrating the contrary. *Ferrando* at ¶90; *Ruby*, 40 Ohio St.3d at 161.

{¶9} In the instant case, Appellant gave Appellee notice of the accident more than four years after the accident occurred and almost four years after she received compensation under her husband's uninsured motorist coverage policy. Appellant suggested various rationales for the delay: (1) she could not have filed a claim with Appellee until after the Ohio Supreme Court decided *Scott-Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660; and (2) Appellee failed to properly "offer and reject *** UIM coverage," therefore, the UIM coverage was implied by law rather than a contractual relationship and no notice provision existed.

{¶10} In regard to Appellant's first suggestion, Appellant notified Appellee of the accident more that two years after the Ohio Supreme Court decided *Scott-Pontzer*. We cannot find that this delay is reasonable under the circumstances. See *Wheeler v. W. Res. Mut. Cas. Co.*, 9th Dist. No. 02CA0043, 2003-Ohio-1806, at ¶20 (concluding that delay was unreasonable where insured provided notice to insurer "more than four years *** since the accident; almost three years *** since [insured] settled with [tortfeasor;] and two years had passed since the Supreme Court decided *Scott-Pontzer*"). Moreover, awaiting a favorable supreme court decision is not a reasonable excuse to justify Appellant's four-year delay in notifying Appellee of the claim. See *Gidley v. Cincinnati Ins. Co.*, 9th Dist. No. 20813, 2002-Ohio-1740, at ¶32 (concluding that insured's notice was unreasonably delayed because the fact that the legally recognized right did not exist until the decision in *Scott-Pontzer* did not present a reasonable excuse).

{¶11} We next turn to Appellant's second suggestion. Assuming, without deciding, that Appellant's UIM coverage arose by operation of law rather than contractually, we find that the notice provision does not simply evaporate. In particular, "a general, predicative condition for coverage in a policy of liability insurance, such as a notice provision, applies to *** UIM coverage imposed by law for the benefit of the insured to the same extent that it applies under the policy's terms for liability coverage[.]" *Luckenbill v. Midwestern Indemn. Co.* (2001), 143 Ohio App.3d 501, 507. See, also, *Lintner v. Midwestern Indemn. Co.*, 12th Dist. No. CA2002-04-077, 2002-Ohio-5609, at ¶41-45 (determining that the insured needed to comply with the notice provision of the policy when UIM coverage arose by operation of law, and trial court properly granted the insurer's motion for summary judgment on the basis that the insureds failed to comply with the notice provision). Therefore, regardless of how Appellant's UIM coverage materialized, she was still required to provide notice within a reasonable period of time, and her second basis is also unreasonable. See *Luckenbill*, 143 Ohio App.3d at 507; *Lintner* at ¶41-45. As such, Appellant's unreasonable delay amounted to a breach of Appellee's prompt-notice provision.

{¶12} As Appellant breached the prompt-notice provision, a presumption arose that Appellee was prejudiced by the delay and resulting breach, absent evidence to the contrary. See *Ferrando* at ¶90; *Ruby*, 40 Ohio St.3d at 161. We note the trial court's judgment entry does not indicate that it determined whether Appellee was prejudiced as a result of Appellant's breach. Notwithstanding this fact and after a thorough review of the record, we find that Appellant has not provided any evidence that the material breach of the prompt-notice provision was not prejudicial and, therefore, has not rebutted the presumption of prejudice.

{¶13} In light of the foregoing, we conclude that Appellee was entitled to judgment as a matter of law because Appellant breached the prompt-notice provision and failed to rebut the presumption of prejudice. Accordingly, the trial court properly granted summary judgment to Appellee on the basis that Appellee violated the prompt-notice provision. Having found that summary judgment was proper, it follows that Appellant is not entitled to UIM coverage under the umbrella policy. Therefore, Appellant's first and second assignments of error are overruled.

{¶14} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

*Judgment affirmed.*

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

Exceptions.

LYNN C. SLABY
FOR THE COURT

CARR, J.
REECE, J.
CONCUR

APPEARANCES:

STEPHEN S. VANEK, Attorney at Law, Sixth Floor-Standard Building, 1370 Ontario Street, Cleveland, Ohio 44113-1701, for Appellant.

RICHARD M. GARNER, Attorney at Law, 1700 Midland Building, 101 Prospect Avenue, West, Cleveland, Ohio 44115-1027, for Appellee.