Joseph W. Gelwicks (0027108)<br>
Trial Attorney for Defendant<br>
Fidelity and Guaranty Insurance Underwriters, Inc.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| KEVIN G. JACKSON, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF PAULA KAY JACKSON, DECEASED, et al. | : : : : | Case No. C-1-01-0756<br><br>Judge Dlott |
| Plaintiffs | : : | **SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION OF DEFENDANT, FIDELITY & GUARANTY INSURANCE UNDERWRITERS, INC. FOR SUMMARY JUDGMENT** |
| vs. | : : : | |
| SOY SOK, et al. | : : | |
| Defendants | : | |

Now comes Defendant, Fidelity and Guaranty Insurance Underwriters, Inc. ("F&G") by and through counsel, and supplements its Motion with recent authority from the Ohio Supreme Court, Westfield Insurance Com. v. Galatis, 2003-Ohio-5849, issued November 5, 2003.[1] Galatis overrules Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116 and therefore disposes of Plaintiffs' claims against F&G.

**I. Facts**

In this action, Plaintiffs, Kevin G. Jackson, individually, and as administrator of the estate of Paula Jackson ("Plaintiffs"), seek UM/UIM benefits for the death of Paula Kay Jackson, wife of Kevin Jackson. Plaintiffs seek such benefits from Kevin's employer's insurance carrier, Defendant

---

[1] Copy attached hereto as Exhibit A.

Fidelity & Guaranty Insurance Underwriters, Inc ("F&G"). Plaintiffs' claim is based upon the Ohio Supreme Court case of Scott-Pontzer v. Liberty Mut. Ins. Co.

On September 6, 1997, the Plaintiffs' decedent, Paula Jackson, was struck by a vehicle operated by Defendant Soy Sok.[2] As a result of the accident, Paula Jackson died.[3] Plaintiffs' claims are based on Kevin's status as an employee of the named insured, Hater Industries, to whom F&G issued a commercial general liability insurance policy.[4] F&G issued a policy including commercial general liability coverage, Policy Number 1MP300991152-02, effective for the policy year January 1, 1997 to January 1, 1998 to Hater Industries, Inc.[5]

The policy defines an insured, in pertinent part, as follows:

Section II - Who is an Insured

    1. If you are designated in the Declarations as

    d. an organization other than a partnership, joint venture, or limited liability company, **you are an insured. . .**[6]

## II. Westfield Insurance Company v. Galatis

On November 6, 2003, the Ohio Supreme Court issued the decision of Westfield Insurance Company v. Galatis, 2003-Ohio-5849, 100 Ohio St.3d ____. In that case, the Supreme Court

---

[2] See Plaintiff's Complaint, ¶¶ 10-11.

[3] See id. at ¶ 8.

[4] See Plaintiff's Complaint, ¶ 3.

[5] See Certified Copy of the Policy, filed separately herein. The pages containing the relevant policy language are attached as exhibits to F&G's Motion for Summary Judgment.

[6] Copy attached to F&G's Motion for Summary Judgment as Exhibit K.

examined "whether uninsured and underinsured motorist insurance issued to a corporation may compensate an individual for loss that was unrelated to the insured corporation." In examining this issue, the Court limited the Scott-Pontzer decision by restricting the application of UM/UIM coverage issued to a corporation to employees **only while they are acting within the course and scope of their employment, unless otherwise specifically agreed**. Although the Court acknowledged that the use of the term **you** with respect to providing UM/UIM coverage for a corporation was ambiguous, the Court refused to extend the definition of **you** to an employee outside the scope of employment. Construing the ambiguity in favor of the policyholder (as opposed to the claimant) when determining whether the claimant was an insured, the Court held that the proper question is whether interpreting the policy to cover all employees of the policyholder favors the policyholder. Finding it "doubtful" that the policyholder ever conceived of contracting for off-duty employees occupying non-covered autos, the Court found that Scott-Pontzer ignored the intent of the contracting parties.

Thus, finding that the Scott-Ponzter decision was erroneously decided, unworkable, and would not jeopardize any reliance interests, the Court chose to limit the Scott-Ponzter holding to apply only when an employee is within the course and scope of employment:

> Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorists coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment.

See Galatis, Syllabus.

To the same extent, the Galatis Court also reversed the holding of Ezawa v. Yasuda Fire & Marines Ins. Co. of Am. (1999), 86 Ohio St.3d 557. In Ezawa, the Court extended the holding of

Page 3

Scott-Ponzter to extend UM/UIM coverage to family members of employees. Specifically, the Court in Galatis held that "where a policy of insurance designates a corporation as a named insured, the designation of **family members** of the named insured as **other insureds** does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id., Exhibit A, page 12 of 21.

**III.  Gatalis disposes of Plaintiff's claims**

Plaintiffs' claims against F&G are dependent upon Kevin Jackson being an insured under F&G's policy. He can only be considered an insured if he falls under the definition of **you** in the policy. Under Galatis, **you** is construed to include employees acting within the scope of their employment. Plaintiffs have presented no evidence that Kevin Jackson was within the scope of employment with Hater Industries at the time of the accident. In other words, since Galatis overrules Scott-Ponzter except for the limited situation in which an employee is within the scope of his employment, Plaintiffs have no viable claim against F&G. Further, the decedent, Paula Jackson, was a family member of an employee of the named insured. Under Galatis, her estate's claims under the policy are no longer viable.

**IV.  Conclusion**

For the above described reasons, and in reliance on the Ohio Supreme Court's recent decision in Westfield v. Galatis, F&G respectfully requests this Court to grant summary judgment in its favor.

Respectfully submitted,

/s/ Joseph W. Gelwicks
Joseph W. Gelwicks          (0027108)

        Trial Attorney for Defendant
        Fidelity & Guaranty Insurance Underwriters, Inc.
        **RENDIGS, FRY, KIELY & DENNIS, L.L.P.**
        900 Fourth & Vine Tower
        Five West Fourth Street
        Cincinnati, Ohio  45202

## **CERTIFICATE OF SERVICE**

I hereby certify that on November__, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

| | |
|---|---|
| John H. Metz | Benjamin M. Maraan II, Esq. |
| 44th Floor Carew Tower | 5465 North Bend Road |
| 441 Vine Street | Suite 333 |
| Cincinnati, Ohio 45202-3016 | Cincinnati, Ohio 45247 |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

        /s/ Joseph W. Gelwicks
        Joseph W. Gelwicks

240-1114